## ASSIGNED ESTATE OF T. S. McKESSON & CO.

APPEAL BY J. M. DUSHANE, ASSIGNEE, FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 11, 1891—Decided May 25, 1891.

(a) An assignee for creditors sold goods of the assigned estate for $576, taking unsecured judgment notes therefor from the purchaser, who owned real estate for which he had paid $600. On a sale of the real estate on the notes, the assignee became the purchaser for the sum of $340:

1. An assignee for the benefit of creditors who sells personalty of the assigned estate, reduced to his possession, on credit and without taking personal security therefor, does so at his own risk, and is not entitled to credit for a loss resulting therefrom.

2. Moreover, the assignee purchasing the real estate upon which the credit was given, if it was worth the amount of the debt, he was secure from loss; if not, it was his own negligence to give the credit. In either event, he must account for the value of the goods sold.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 162 July Term 1890, Sup. Ct.; court below, No. 1 December Term 1884, C. P., Ins. D.

On May 5, 1889, Joshua M. Dushane, assignee for the benefit of creditors of T. C. McKesson & Co., filed his account, containing an item crediting himself with "Loss on P. C. Brooks judgment, $277.63." Exceptions having been filed to this credit, *Mr. W. C. McKean* was appointed auditor.

On February 4, 1890, the auditor filed a report finding as to this exception the facts following:

The assignee of McKesson & Co. sold a small portion of the stock of said firm at retail, and the remainder of it in a lump to S. H. Howard, for the sum of $576, taking in payment the judgment note of Howard for said amount, Howard being the owner of property, unencumbered, valued at $1,200. The next day after the sale to Howard, P. C. Brooks offered him a bonus of $50 for his bargain, and the assignee $600 for the stock of goods. To this the assignee consented and released Howard, giving him back his note for $576, and then taking from P. C. Brooks in payment for the stock, three judgment notes without security. Brooks was then the owner of three lots in Connellsville for which he paid $600. He afterwards became insolvent, and was unable to meet the payment of the notes. The assignee then sold the said real estate of Brooks at sheriff's sale for the sum of $340, the assignee becoming the purchaser. It was for the difference between the amount realized by the sale of said real estate, and the amount for which the stock of McKesson & Co. was sold, that the assignee asked credit in his account.

Upon these facts, the auditor, citing Swoyer's App., 5 Pa. 377; Trickett on Assignments, § 145, was of the opinion that the exception to the credit claimed should be sustained, and in the distribution reported, he surcharged the assignee accordingly.

The assignee excepted to the report of the auditor making said surcharge. Said exception having been argued, the court, EWING, J., on June 2, 1890, ordered that the exception be dismissed and the auditor's report confirmed. Thereupon, the exceptant took this appeal, assigning said order for error.

Opinion of the Court.

*Mr. Edward Campbell*, for the appellant.

Counsel cited: Brown v. Litton, 1 P. Wms. 141; Konigmacher v. Kimmel, 1 P. & W. 207, 212; Neff's App., 57 Pa. 91, 96; Ricketts's App., 21 W. N. 229; Dundas's Est., 16 W. N. 458; Miggett's App., 109 Pa. 520; McCann's Est., 2 Pears. 486; Lothrop v. Wightman, 41 Pa. 297.

*Messrs. Morrow & Hertzog, Daniel Sturgeon, Boyd & Umbel, Work & Hogg, R. W. Dawson* and *P. S. Newmyer*, for the appellees, were not heard.

In the brief filed, counsel cited: Swoyer's App., 5 Pa. 377; Trickett on Assignments, § 145; Davis's Est., 5 Wh. 530; Gilbert's App., 78 Pa. 266.

PER CURIAM:

The appellant, who is an assignee for creditors, complains that the court below surcharged him with $277.63, "loss on the P. C. Brooks judgment." We think the surcharge was proper.

The appellant sold a stock of store goods, belonging to the assigned estate, to Brooks, for the sum of $576, taking therefor three judgment notes, without security. The auditor finds that Brooks owned three lots in Connellsville for which he paid $600. It does not appear that he owned any other property. Brooks became insolvent, and the assignee sold the said real estate at sheriff's sale for the sum of $340, and became the purchaser thereof. He then credited himself with the loss, $277.63, which credit was disallowed by the auditor and the court below. It ought to be understood by this time that an assignee for creditors who sells the personal effects of his assignor upon credit, and without security, does so at his own risk: Swoyer's App., 5 Pa. 377. Aside from this, he purchased at the sheriff's sale, and now holds, the very real estate upon which he is presumed to have given the credit. If it is worth the amount of the debt, he is secure from loss. If it is not, it was negligence to give the credit upon it. In either event, he must account to the estate for the full amount of the goods which he sold.

> The decree is affirmed, and the appeal dismissed
> at the cost of the appellant.