## Miller's Estate.   Miller's Appeal. (2)

*Appeals—Orphans' Court—Computation of time.*

The computation of the three years allowed within which an appeal may be taken from the decree of the orphans' court should be made from the date of the decree, and not from a refusal of the court to open it.

*Will—Issue devisavit vel non—Parties—Practice, O. C.*

A petition for an appeal from the register of wills who has admitted a will to probate, is properly dismissed where it appears that all of decedent's children or heirs at law have not been made parties to the proceedings.

Argued Oct. 26, 1893. Appeal, No. 65, Oct. T., 1893, by Hampton J. Miller, from decree of O. C., Allegheny Co., Jan. T., 1890, No. 90, dismissing petition for leave to appeal from decision of register in admitting will of A. H. Miller, deceased, to probate, and for rehearing of said decision. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition for leave to appeal from register, and for rehearing. The opinion of the court below was as follows, by OVER, J.

" A. H. Miller died Sept. 4, 1887, and on the 10th of that month his will was admitted to probate by the register of this county. On Jan. 18, 1890, Hampton J. Miller, his son, appealed from the decision of the register and presented his petition to this court asking that an issue devisavit vel non be awarded. This was duly heard, and, on April 29, 1890, the appeal was dismissed. Nearly two and one half years elapsed between the probate of the will and the hearing on the appeal, giving the appellant ample time to procure his evidence and prepare his case, and it is now almost two years since the decree dismissing the appeal was made.

" In view of these facts a rule should not be granted upon the petition for a rehearing presented by Hampton J. Miller, the appellant, unless the affidavits filed with it make out a very strong case for him and show good reasons for the nonproduction of the evidence at the hearing.

" There are fifteen filed. Some of the affidavits were examined at the hearing on the appeal, and their evidence has already been considered. The averments of the others do not materially strengthen the appellant's case, and their testimony would be merely cumulative, and even if that had been adduced at the hearing the evidence would not have been sufficient to justify the court in awarding an issue. There are no sufficient reasons given either for the nonproduction of the evidence at the hearing. The petition for the rule is therefore dismissed at the costs of the petitioner."

*Error assigned* was dismissal of petition.

Appellee moved to quash the appeal, on the ground, amongst

others, that the appeal was not taken within the term of one
year from April 29, 1890, the date of the final decree.

*Edwin W. Smith* and *James H. Reed*, P. C. Knox with them,
for appellee, for motion to quash appeal, cited, on motion to
quash: Act of March 15, 1832, §§ 39, 42, P. L. 146 ; 3 Rhone,
O. C. Pr., p. 297, § 842; Renninger v. Thompson, 6 S. & R. 1 ;
Gallagher v. Miller, 4 W. N. 165 ; Weidknecht v. Boyer, 2 W.
N. 638 ; Thompson v. Barkley, 27 Pa. 263 ; Howser v. Com.,
51 Pa. 341; McKee v. Sanford, 25 Pa. 105 ; Wallace v. Cooper,
2 Watts, 108; Story, Eq. Pl. 410 ; Boyd v. Vanderkemp, 1
Barb. Ch. 273 ; Neill's Ap., 93 Pa. 177 ; Lindsay's Est., 9 W.
N. 463 ; Bagg's Ap., 43 Pa. 512 ; Bair v. Black, 10 W. N. 156 ;
Lowenstein v. Ins. Co., 132 Pa. 410 ; Kepner's Ap., 94 Pa. 74 ;
Keim's Ap., 27 Pa. 42; Act of June 8, 1881, § 1, P. L. 80.

On the merits of the case : De Haven's Ap., 75 Pa. 337 ;
Harrison's Ap., 100 Pa. 459 ; McCullough's Will, 18 Pitts. L.
J., N. S. 169 ; Foster's Ap., 87 Pa. 76 ; Hoge's Est., 2 Brewst.
450 ; Sheetz v. Whitaker, 7 W. N. 404 ; Ottinger v. Ottinger,
17 S. & R. 142 ; Warfield v. Fox, 53 Pa. 382 ; Crippen v. Dex-
ter, 13 Gray, 330 ; Brigham v. Fayerweather, 140 Mass. 411 ;
Patton's Exrs. v. Allison, 7 Humphrey, 320 ; Fry v. Taylor, 1
Head, 594 ; Bogardus v. Clark, 4 Paige Ch. 625 ; Allison v.
Smith, 16 Mich. 416 ; Redmond v. Collins, 27 Am. Dec. 208 ;
St. John's Lodge v. Callender, 4 Ired. 335 ; Schultz v. Schultz,
10 Gratt. 358 ; Wills v. Spraggins, 3 Gratt. 559 ; 1 Wms. Exrs.
*337, 339 ; Newell v. Weeks, 2 Phillimore, 239 ; Bell v. Arm-
strong, 1 Add. Ecc. 372 ; Ratcliff v. Barnes, 2 Sw. & Tr. 486 ;
Wytcherley v. Andrews, L. R. 2 P. & D. 327.

*Edward Campbell*, *Charles E. Hogg*, *W. H. Tomlinson* and
*S. M. Raymond* with him, for appellant, contra, on motion to
quash, cited : Acts of March 29, 1832, § 39, P. L 146 ; May 21,
1885, P. L. 22 ; Schwilke's Ap., 100 Pa. 628 ; Jones's Ap., 99
Pa. 132 ; Earley's Ap., 90 Pa. 321 ; Hickernell's Ap., 90 Pa.
328 ; Wernet's Ap., 91 Pa. 319 ; Bierly's Est., 81* Pa. 419 ;
Dull's Ap., 108 Pa. 604.

On the merits of the case : Chamber's Est., 3 W. N. 188 ;
Sheetz v. Whitaker, 7 W. N. 403 ; Richards v. Rote, 68 Pa.
254 ; 1 Graham & Waterman on New Trials, 161, 162 and 208 ;

3 Ib. 1267, 1275–6; Hill et ux. v. Proctor, 10 W. Va. 60; Harmison v. Loneberger, 11 W. Va. 175; Lyman v. Thompson, 11 W. Va. 427; Welton v. Hutton, 9 W. Va. 339; Hoge v. Vintroux, 21 W. Va. 2; Donahue v. Fackler, 21 W. Va. 124; Bilmyer v. Sherman, 23 W. Va. 656; Knauss et al.'s Ap., 114 Pa. 10; Harrison's Ap., 100 Pa. 458; Fow's Est., 147 Pa. 264; Herster v. Herster, 122 Pa. 239; Wainwright's Ap., 89 Pa. 220; Miller et al. v. Ins. Co., 12 W. Va. 116; Wandling v. Straw, 25 W. Va. 692; Tompkins v. Kanawha Board, 21 W. Va. 225.

OPINION BY MR. JUSTICE WILLIAMS, February 12, 1894:

There are three years allowed within which an appeal may be taken from a decree of the orphans' court. The computation should be made from the date of the decree, and not from a refusal by the court to open it. This appeal was taken within the time allowed and the motion to quash must for that reason be dismissed. The other questions raised have been necessarily considered in the appeal of Alexander H. Miller in which an opinion is filed herewith. [The preceding case.] It is unnecessary to do more than refer to that case for the conclusions that control this. The court below did right in dismissing the petition in this case, but the true reason on which such decree should have rested was the want of proper parties. The court was in no condition to pass upon the merits when but two of the six children of the testator were before it. In order that there may be no chance for misapprehension as to the effect of the dismissal of the appellant's petition, the decree is amended so as to read "The petition of H. J. Miller for leave to appeal from the decree of probate made by the register, of a paper writing alleged to be the last will and testament of Alexander H. Miller, deceased, is dismissed for want of proper parties, without prejudice." The decree thus amended is now affirmed. As the decree dismissing the appeal of A. H. Miller is reversed, there remains in the court below one appeal only. If not already brought in, all the parties in interest, whether as heirs at law or legatees, should be served with a citation so that they may become, or decline to become, parties to the pending appeal.