## Haller's Case.

*Appeals—Quashing appeals—Auditor's report—Exceptions—Petition for rehearing.*

1. Where exceptions to an auditor's report are dismissed, and the losing party, without taking an appeal, petitions for a rehearing a decree dismissing such petition is not reviewable on appeal. The pending of such a petition for rehearing does not extend the time for appeal.

2. Even though the petition for a rehearing should be treated as a petition for a bill of review, the party losing has no standing to appeal unless he shows that his application was founded either on error in law apparent on the record without the aid of extrinsic evidence, or on matters of fact dehors the record, which had arisen or been newly discovered since the decree, and could not, by the exercise of reasonable diligence have been discovered before.

Argued Oct. 25, 1910. Appeal, No. 60, Oct. T., 1910, by E. H. Flick, assignee of Fred Haller, from decree of C. P. Blair Co., June T., 1897, No. 51, dismissing petition for a rehearing, In re Assignment of Fred Haller. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Petition for rehearing. Before SHULL, P. J., specially presiding.

The petition of the Superior Court states the case.

*Error assigned* was decree dismissing the petition for a rehearing.

*W. C. Fletcher,* with him *E. H. Flick,* for appellant.

*R. A. Henderson,* with him *Thos. H. Greevy* and *E. G. Brotherlin,* for appellees.

OPINION BY RICE, P. J., November 21, 1910:

The appellant, as assignee for the benefit of creditors, filed his first and partial account on November 22, 1893,

and on January 10, 1894, an auditor was appointed to pass on the exceptions thereto and make distribution. His report was filed on August 9, 1897, exceptions were filed thereto, and on January 10, 1898, the court overruled the exceptions and confirmed the report. On January 26 of the same year, upon the petition of the accountant, the court granted a rule to show cause why a rehearing should not be had, which rule, the docket entries show, was argued on May 5, 1898, and marked c. a. v. The rule remained undisposed of at the death of Judge BELL, before whom it was argued, and in 1910 was reargued before Judge SHULL, specially presiding, who, on March 11 of the same year, made an order accompanied by an opinion denying a rehearing and reducing the surcharge from $1,000 to $912.40. This appeal was taken a few days later. The exceptions to the account, the exceptions to the auditor's report and the petition for rehearing are not printed in the appellant's paper-book, but we gather from the argument of his counsel, and the informal assignments of error, that the chief matter in respect of which he complains, is that the auditor surcharged him with the value of certain personal property which the auditor found was lost by his negligence in selling and delivering possession of the same, without receiving the consideration or taking security therefor, and in not taking prompt measures to recover the same when the vendee failed to comply with the terms of sale. The facts found by the auditor are supported by evidence which fairly warranted the surcharge upon the principle of McKesson's Est., 142 Pa. 538; Swoyer's App., 5 Pa. 377, and other cases. And if the case were properly before us for review, as if an appeal had been taken in due season from the original decree, the familiar rule would be applicable and controlling that an auditor's findings of fact, which have been approved by the court, will not be disturbed on appeal except for manifest error. But we think the case is not properly before us for review upon its merits. Treating the appellant's application

below as an application for rehearing only, it was addressed to the sound discretion of the court below, and the action of the court in refusing it is not reviewable on appeal: Roddy's App., 99 Pa. 9. His remedy was by appeal from the original decree confirming the auditor's report, and he could not extend the time for taking such appeal by applying for and obtaining a rule to show cause why a rehearing should not be had: Keim's App., 27 Pa. 42; Miller's Est., 159 Pa. 575; Barlott v. Forney, 187 Pa. 301; Frazier's Est., 7 Pa. Superior Ct. 473; s. c., 188 Pa. 415; Sherwood's Est., 206 Pa. 465; Winter Avenue, 23 Pa. Superior Ct. 353; Groff v. City Saving Fund & Trust Co., 38 Pa. Superior Ct. 567. It is only by treating the petition as a bill of review, that the assignee could have any standing in this court. As a general rule a bill of review must be founded either on error in law apparent on the record, without the aid of extrinsic evidence, or on matters of fact dehors the record, which have arisen or been newly discovered since the decree, and could not, by the exercise of reasonable diligence, have been discovered before: Roddy's App., 99 Pa. 9. And it is well to notice that in Sherwood's Est., 206 Pa. 465, it was held that the statutory period for appeal cannot be enlarged by a bill of review to correct an error of law which might have been the subject of appeal from the decree on the original account. But here there was no error upon the face of the record, unless it was the clerical mistake of the auditor, and that has been corrected. There was no suggestion, so far as we are informed, that the accountant desired a rehearing for the purpose of presenting newly discovered evidence. The purpose of the application was evidently to obtain a reconsideration of the case upon the evidence already in, and as the authorities above cited abundantly show the pendency of such an application, does not entend the time for appeal. For the reasons above suggested, without adverting to others assigned in the appellee's motion, the appeal must be quashed.

The appeal is quashed at the costs of the appellant.