# Haller's Estate.

*Appeals—Auditor's  report—Exceptions—Rehearing.*

1. Where exceptions to an auditor's report are dismissed, and no
appeal is taken therefrom, and the appellate court subsequently quashes
an appeal from a decree dismissing a petition for a rehearing, a sub-
sequent decree of the court below awarding the fund found by the
auditor, to the party entitled thereto, cannot be reviewed by the ap-
pellate court.

*Assignment for creditors—Surcharge—Evidence.*

2. Where an assignee for creditors has been surcharged by the decree
of the court, and the person entitled to the surcharge thereafter dies,
and the assignee claims that decedent has agreed to release him from
the surcharge upon paying counsel fees, such an agreement cannot be
established by ex parte statements of decedent's counsel filed of record
in the decedent's lifetime that the fees had been paid, and their re-
ceipt for the same also filed in the record of the case.

*Appeals—Paper-books—Failure to print portion of record.*

3. The failure to print a portion of the record is not a ground for
quashing an appeal where the portion omitted is not essential in the
determination of the questions presented by the assignments of error.

Argued Oct. 28, 1913.   Appeal, No. 9, Oct. T., 1913,
by E. H. Flick, Assignee of Fred Haller, from decree
of C. P. Blair Co., June T., 1897, No 51, directing pay-

ment of money In the Matter of E. H. Flick, Assignee for creditors of Fred Haller. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

See Haller's Case, 44 Pa. Superior Ct. 481.
Petition for payment of money.

BALDRIDGE, P. J., filed the following opinion:
F. D. Saupp, Jr., executor of the last will and testament of F. D. Saupp, Sr., presented a petition to this court setting forth the fact that the auditor appointed to distribute the funds in the hands of the assignee of Fred Haller, appropriated $2,426.42 to a judgment held by F. D. Saupp against Fred Haller, and that the allowance was excepted to by the assignee.

That on January 26, 1898, the assignee presented his petition to this court, asking for a rehearing of his exceptions to the auditor's report which had been dismissed, and the report confirmed absolutely, and a rule granted to show cause why the prayer should not be granted.

On March 7, 1898, the assignee was directed to pay F. D. Saupp, Sr., the sum of $1,605, on account of the amount allowed him by the auditor.

The rule to show cause why a rehearing should not be had lay dormant and undecided until March 11, 1910, when the rule was discharged and the petition dismissed. An appeal was taken from the order and decree of the court to the Superior Court, which appeal was quashed at the cost of the appellant.

We are now requested to order and direct the assignee to pay to the petitioner the sum of $672.54, balance alleged to be due under the report of the auditor, together with interest from January 10, 1898.

The respondent denies that he is indebted to the petitioner on the ground that the auditor surcharged him for interest without being requested so to do by F. D. Saupp, Sr., or his counsel.

VOL. LVI—4

It ought to be very apparent that we cannot disturb the report of the auditor after the expiration of thirteen years. The assignee filed exceptions thereto, which were heard by the lower court, and if there was any wrong done him he had a remedy by an appeal therefrom. We must treat the report of the auditor as conclusive upon all matters upon which it passed.

On June 12, 1912, which was some six weeks after the filing of this petition, a receipt was filed of record by Messrs. Heinsling & Madden, who were the attorneys for F. D. Saupp, Sr., before the auditor, acknowledging an agreement between F. D. Saupp, Sr., and the assignee, to the effect that the assignee was to pay their attorney fees, and thereupon the assignee should be relieved from paying any additional portion of the amount with which he was charged by the auditor.

F. D. Saupp, Sr., died in 1906, thereupon the authority vested in the attorney by the decedent was at an end, as it terminated at the death of their client: Scranton Building Association v. Ranck, 4 C. P. Reports, 134.

The property of the decedent descended to the executor, and as it is not contended that either of the attorneys for the decedent, represented the executor, they were without authority to act on his behalf, as death operated as an immediate termination of the relation of attorney and client even though the litigation was pending: 13 Am. & Eng. Enc. of Law (2d ed.), 328.

Both the decisions and text-books recognize that death revokes the attorney's authority, so that when the receipt was filed by Messrs. Heinsling & Madden they were without authority to enter and record a satisfaction of the claim of the estate of F. D. Saupp. Therefore as the paper purporting to be a satisfaction, was filed by one without authority, it is not an accord and satisfaction of this claim.

This question could have been raised more directly, we think, by asking to have the receipt stricken from the record, but the record shows that F. D. Saupp, Sr., was dead at the time the receipt was filed, and, there-

fore, it can be attacked collaterally: O'Brian v. Wiggins, 14 Pa. Superior Ct. 37.

The respondent attempts to attach to his answer written statements made by Messrs. Heinsling & Madden, but in any aspect of the case these statements are inadmissible.

Section 5 of the Act of Assembly approved May 24, 1887, P. L. 188, provides, "Nor shall counsel be competent or permitted to testify to confidential communications made to him by his client, or be compelled to disclose the same, unless in either case this privilege be waived, upon the trial by his client."

The privilege granted by the act of 1887, is for the purpose of protecting the client, not the attorney: Bennet's Estate, 8 W. N. C. 287; Kaut v. Kessler, 114 Pa. 603.

If we could see our way clear to relieve the assignee of paying a portion of the interest, we would feel like doing so, as we believe the application for a rehearing was delayed for causes over which he had no control. Our Superior Court, however, held that the assignee's proper remedy was an appeal from the original decree confirming the auditor's report, and that he could not extend the time for taking an appeal by obtaining a rule to show cause why a rehearing should not be had. The assignee would, therefore, be liable for the interest from the date of the confirmation of the auditor's report. Upon the circumstances, however, we think it is right and equitable that he should not be charged with more than four per cent interest.

An averment was made that $150 was paid by the assignee to the attorneys of F. D. Saupp. If it can be shown by proper evidence that the payment was made at the request of F. D. Saupp, Sr., and was not a part of the attorney's commission in the execution issued by F. D. Saupp, a further credit will be allowed of that amount to the respondent.

Now, October 31, 1912, E. H. Flick, Esq., assignee,

directed to pay F. D. Saupp, Jr., executor of F. D. Saupp, Sr., the sum of $672.54, with interest at the rate of four per cent per annum from January 10, 1898. This decree will be modified by permitting a credit of $150 with interest, if sufficient evidence is offered within twenty days to show that such payment was made by the assignee to the attorneys of F. D. Saupp, Sr., at his request.

*Error assigned* was decree of October 31, 1912.

*E. H. Flick*, with him *W. C. Fletcher* and *O. H. Hewit*, for appellant.

*James E. Hindman* and *R. A. Henderson*, for appellee.

OPINION BY RICE, P. J., February 20, 1914:

The only decree assigned for error is that which is referred to and partly quoted in the ninth specification. The entire decree reads as follows: "Now, October 31, 1912, E. H. Flick, Esq., assignee, is directed to pay F. D. Saupp, Jr., executor of F. D. Saupp, Sr., the sum of $672.44 with interest at the rate of four per cent. per annum from the 10th day of January, 1898. This decree will be modified by permitting a credit of $150, with interest, if sufficient evidence is . offered, within 20 days, to show that such payment was made by the assignee to the attorneys of F. D. Saupp, Sr., at his request." The $672.54 mentioned in this decree and in the petition upon which it was based is the amount— less attorney's commissions, costs, and a partial payment of $1,605, made under order of March 7, 1898—awarded to F. D. Saupp, Sr., in the distribution of the funds in the hands of E. H. Flick, assignee for benefit of creditors of Fred Haller. A considerable part of the larger sum was interest on the judgment of Saupp against Haller, with which the assignee was surcharged by the auditor. In view of the confirmation absolute of the auditor's

report on January 10, 1898, and of the order of March 11, 1910, denying a rehearing, the propriety of the award, including the surcharge of interest, cannot be questioned in this proceeding. The reasons for so holding are substantially the same as those given in the disposition of the former appeal by the assignee from the order denying his petition for rehearing, and need not be restated. See Haller's Case, 44 Pa. Superior Ct. 481.

Another ground alleged in the assignee's answer to the petition upon which the decree in question was based, is that F. D. Saupp at no time asked said surcharge to be made, and expressly stated to his counsel that he did not ask anything from said surcharge more than the payment of counsel fees; that the said counsel fees have been paid by the assignee; and that the claim has been since receipted by the counsel of F. D. Saupp in accordance with the understanding and agreement with him. Stating this ground of defense as strongly as the answer warrants, it amounts to this, that F. D. Saupp agreed to release the assignee from this surcharge upon his paying the counsel fees, and that he has paid them. Such agreement was denied in the replication, and, therefore, it was incumbent on him to prove it. But, of course, the ex parte statements of the counsel of F. D. Saupp in his lifetime, which were attached to the assignee's answer, were not competent evidence of the matter thus put in issue, namely, the agreement to release the assignee, or of an agreement between F. D. Saupp and his counsel that whatever was received on the surcharge should be appropriated to their fees. No other evidence was submitted to the court by the assignee on the hearing of this rule. It follows, in the absence of an assignment of the surcharge to the counsel, or of evidence from which an equitable assignment thereof to them could be implied, that the court was right in holding that after the death of F. D. Saupp they had no authority to discharge the assignee from any part of the award against him, and, therefore, their

receipt which was filed on June 12, 1912, was wholly ineffective for that purpose. Under the pleadings and evidence, the decree assigned for error was clearly right.

After that decree was made, the assignee presented another petition, reciting the proceedings from the beginning, but making no mention of the decree of October 31, 1912, and concluding with a prayer "to grant a rehearing or bill of review in this case, that the surcharge thus based on manifest error may be corrected," etc. Judging from the prayer, as well as the averments of the petition, the purpose was to bring into review the action of the auditor in making the surcharge and the decree of the court confirming his report. The court granted a rule to show cause upon this petition, which, after hearing upon petition, answer, and evidence, was discharged. This order or decree is not assigned for error, and, therefore, we will not discuss the pleadings and evidence upon which it is based, further than to say that the conclusion reached by the learned judge seems to us to be well sustained by the opinion filed by him.

A motion was made by appellee's counsel to quash the appeal because the auditor's report is not printed in the appellant's paper-book. This motion would be well taken if the appeal were from the order denying the motion for rehearing or bill of review, for it is not apparent how it could be determined that the surcharge was based on "manifest error" without having the auditor's report before us. But it is not absolutely essential in the determination of the questions raised by the appeal from the decree that is assigned for error. Therefore, we do not quash the appeal.

The decree of October 31, 1912, is affirmed at the costs of the appellant.