# McGurrin, Appellant, v. Hudson Coal Company.

*Workmen's compensation—Findings of board—Conclusiveness of findings.*

In a proceeding under the Workmen's Compensation Act by a widow to recover damages for the death of her husband, a finding of the compensation board that the deceased died of natural causes, and that there was no evidence that there had been "any accident at all," is conclusive upon the court.

Argued Feb. 24, 1919. Appeal, No. 41, Jan. T., 1919, by plaintiff, from order of C. P. Lackawanna Co., June T., 1917, No. 149, dismissing appeal from Workmen's Compensation Board in case of Mary A. McGurrin v. Hudson Coal Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and KEPHART, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board which reversed an award of the referee in favor of the claimant.

The court dismissed the appeal. Claimant appealed.

*Error assigned* was in dismissing the appeal.

*William J. Fitzgerald,* with him *Roger J. Dever,* for appellant.

*James H. Torrey,* for appellee.

PER CURIAM, March 24, 1919:

The appellant claims compensation from the appellee on the ground that the death of her husband resulted from an accident which occurred while he was in its employ. The finding of the compensation board is that he died from natural causes, and that there was no evidence that there had been "any accident at all." This was conclusive upon the court below, and it properly so

held: Poluskiewicz v. Philadelphia & Reading Coal & Iron Company, 257 Pa. 305.

Appeal dismissed.