Stankiewicz *v.* Heights Construction and Supply Company et al., Appellants.

Argued December 10, 1928.

Before Trexler, Keller, Linn, Gawthrop and Cunnningham, JJ.

*C. B. Wagoner,* and with him *M. J. Ryan* and *C. S. Wesley,* for appellant.—The notice as given met the requirements of the act: Kelly et al. v. International Clay Products Co., 291 Pa. 383; Good's Estate, 35 Pa. Superior Ct. 440; Souder's Estate, 169 Pa. 249; Hager v. Norristown Magnesia Asbestos Co., 82 Pa. Superior Ct. 349; Patterson's Estate, 234 Pa. 128; Miller v. Preston, 154 Pa. 63; Norwegian Street, 81 Pa. 349.

*Roscoe R. Koch,* for appellee, cited: Valley Smoke-less Coal Co. v. Hager, 292 Pa. 440; DeMarko v. Hiller & Braun, 3 D. & C. 533; Skokan v. Em Lou Coal Co., 1 D. & C. 456; Geary v. Standard Refractories Co., 2 D. & C. 355.

OPINION BY KELLER, J., January 25, 1929:

This appeal is concerned with the construction to be given the clause of the Workmen's Compensation Law (Sec. 427 of Act of June 26, 1919, P. L. 642, 665), which provides that on taking an appeal from the Workmen's Compensation Board, "The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed," and the effect of a failure strictly to comply with its provisions.

The appeal in this case was filed in the court of common pleas on April 2, 1928. Written notice was not given the claimant and the employer, both of whom may be considered "adverse parties" in the light of the grounds for this appeal, until April 16, 1928, on which day an application was filed to quash the appeal, which the court below did, after hearing on petition and answer. No depositions were taken and it does not appear whether notice of the appeal was given before or after the petition to quash was filed. The answer also averred that the attorney for the claimant and employer "immediately subsequent to the perfection of the appeal" had "due and proper knowledge of the same."

The section of the Workmen's Compensation Act above quoted does not specifically provide how notice of appeal shall be served on the adverse party. The Act does say in section 408 that all notices to which any party shall be entitled under the provisions of Article IV, shall be served by mail, or in such other manner as the board shall direct, and that a notice shall be

deemed to be served on the day when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but that this presumption may be rebutted. We take it, however, that this provision only *permits* service by mail, and would not exclude personal service if adopted. It emphasizes the somewhat loose provisions of the Act as respects details of procedure, and justifies the liberal construction which the Supreme Court has placed on the statute as respects the practice and evidence before referees and the board, having in mind the humanitarian purpose of the Act.

It is apparent that absolutely literal compliance with the provision above quoted is not possible or required. The appellant could not do the two things at one and the same time. It evidently means that within a reasonable time after taking the appeal, written notice shall be given; somewhat after the manner that *"immediate* notice of loss or injury"* is construed in insurance contracts. It is directed to be in writing for the purpose of avoiding disputes concerning the receipt of notice and the substance thereof. There is no express provision in the Act that the failure to give written notice as aforesaid shall invalidate the appeal. The clause was evidently inserted in the Act in order to inform the adverse party of the pending appeal and to speed up procedure, but speed at the expense of justice was not contemplated. Practice before the board is not required to be by attorneys-at-law. The procedure is informal and unconventional. A harsh or over-strict construction of this clause might work serious injustice to many worthy claimants, whose injuries the Act was passed to relieve. The insurer happens to be the appellant here, but the ruling must be the same for all.

We see no reason why a stricter construction should be placed on this informal procedure than has been

placed by our Supreme Court on more formal practice in the common pleas courts. The Practice Act of 1915, P. L. 483, (Sec. 12) provides that "The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day the statement was served on him," yet following the practice under the Act of 1887, P. L. 271, as construed in Bordentown-Banking Co. v. Restein, 214 Pa. 30, our Supreme Court held that the defendant might file his affidavit after the fifteen days provided it was filed before judgment was taken for want of an affidavit of defense: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 446; and even after judgment by default, the court may in proper cases and for sufficient cause, open the judgment and allow him to make a defense: Ibid. And statutes requiring mortgages to be recorded do not protect purchasers of real estate who knew of an existing unrecorded mortgage against the property: Speer v. Evans, 47 Pa. 141; Nice's App., 54 Pa. 200. In such cases actual notice is equivalent to the constructive notice provided for by statute.

We are unwilling to believe that the Legislature intended the provisions of the Workmen's Compensation Law to be less elastic in procedural matters than practice in the courts of law; and that the clause directing notice of appeal to be given the adverse party must be construed as mandatorily requiring the quashing of the appeal unless written notice is served at the time of taking the appeal. We think, rather, that it is to be given a more liberal construction, having in mind its purpose and the informal character of the procedure; that the notice is sufficient if given within a reasonable time, or before steps to quash the appeal have been filed, as to which the court may consider fractions of a day: Bordentown Banking Co. v. Restein, supra; and that even where given after such steps have been taken, the court may in proper cases

and for sufficient cause grant relief and refrain from quashing the appeal, if satisfied that injustice would otherwise result.

The court below felt it was obliged to place a strict construction on the Act and quash the appeal if notice was not given at the very time provided in the Act. We differ with this view, and adopt a more liberal construction. We sustain the assignment of error and direct the record to be remitted to the court below for further consideration and disposition in the light of this opinion.

Order reversed. Record remitted, etc.