## Giordonne v. Alaimo Brothers.

*Frank L. Pinola*, for claimant; *C. H. Snyder*, for defendants.

COUGHLIN, J., April 8, 1929.—An appeal was taken from the decision of the referee, alleging an error of law, in that paragraph *(g)*, section 306, article III, Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, is unconstitutional, and that the forty-eight hours' notice limitation is also unreasonable.

The board dismissed the appeal, refusing to pass upon the constitutionality of an act of assembly.

The referee found: *(a)* On Feb. 20, 1928, claimant was in the employ of Alaimo Brothers as a laborer, at an average weekly wage of $21.60; *(b)* the defendants are general building contractors; *(c)* Feb. 20, 1928, 4.30 P. M., claimant was injured by an accident in the course of his employment, in manner as follows: He was down on one knee lifting a ninety-eight pound sack of cement and in so doing strained himself in the right inguinal region, producing a hernia. The descent of the hernia followed very shortly after the strain, causing some pain, but did not become disabling until Feb. 27th; *(d)* claimant did not consult a physician or report the accident to employer, or to a representative of employer, until Feb. 26, 1928; *(e)* Feb. 28, 1928, claimant was operated upon and cured; *(f)* surgical and medical services, medicines and supplies for first thirty days after disability were $100, and cost of hos-

pital treatment, services and supplies for first thirty days was $93. No part of either has been paid; *(g)* claimant was totally disabled by the hernia from Feb. 25, 1928, to May 1, 1928; *(h)* defendants moved that petition be dismissed, for the reason that the employer was not notified of the accident within forty-eight hours.

1. Referee concluded as a matter of law that article III of the Act of 1915 applied.

2. That because of failure to notify within forty-eight hours, claimant is barred by the statute of limitations in accordance with article III, section 306, paragraph *(g)*, of the Workmen's Compensation Act of 1915, as amended by the Act of 1927.

The findings of the referee and the board were to the effect that the hernia in question was not compensable, since the conditions set forth in said paragraph *(g)* of the Amendment of 1927 were not shown to have existed. Appellant's counsel's objections or exceptions on the ground of the unconstitutionality of the statute were not pressed; they were, in fact, withdrawn.

The Compensation Act deals with the contractual and statutory liability of an employer to pay damages for injuries received by an employee in the course of employment. The liability arises out of the contract of hiring; it becomes enforceable upon the happening of the accident, and its extent is defined by the statute.

The Workmen's Compensation Act provided for compensation for injury resulting from an accident, but not for ordinary sickness or death resulting from natural diseases during the course of employment. On the other hand, where complainant brings himself within the provisions of the statute by showing disease is a result of accident, and disability follows from the disease, compensation will be awarded: Wolford *v.* Geisel M. & S. Co., 262 Pa. 454.

The burden is always on claimant to prove the disability was due to an accident and not from natural causes: McGurrin *v.* Hudson Coal Co., 264 Pa. 230. Where evidence disclosed disability resulting from a hernia sustained by claimant as a result of strain in lifting, the same was held compensable under the Workmen's Compensation Act: Smith *v.* Pittsburgh Coal Co., 71 Pa. Superior Ct. 325. In other words, claimant brought himself within the provisions of the statute as it then existed.

Many times in the case of hernia the question has arisen as to whether or not it was a physical sickness or ailment which ordinarily develops gradually or whether it was caused by accident in the course of employment. As stated in Smith *v.* Pittsburgh Coal Co., 27 Dist. R. 43: "The danger of fraud upon employers in such cases, which is no doubt a real danger, may be a matter for regulation by law." This the legislature did in the case of hernia by adding paragraph *(g)* to section 306 of the Workmen's Compensation Act, within the provisions of which claimant must bring himself in order to be entitled to compensation.

Section 306 of the Act of 1915 was amended by the Act of April 13, 1927, P. L. 186, by the addition thereto of clause *(g)*, providing: "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the

employer, within forty-eight hours after the occurrence of the accident." There might be a difference of opinion as to whether forty-eight hours is a reasonable period, but the reasonableness of the provision is a question for the legislature and not for the court.

Defendants move to dismiss the appeal, for the reason that the appellant did not, at the time of taking the appeal, serve written notice upon the adverse party, setting forth the date of the appeal and the court in which the same was filed.

Under the authority of Stankiewicz *v.* Heights Construction and Supply Co. and Standard Accident Ins. Co., 95 Pa. Superior Ct. 215, we would feel justified in denying the motion to quash and dismiss the appeal. We have preferred to go over the record on its merits and the law involved and find that the Compensation Board was correct in its legal conclusions. Therefore, the appeal is dismissed.

From Frank P. Slattery, Wilkes-Barre, Pa.