From Homer L. Kreider, Harrisburg, Pa.

## Ellenberger v. State Workmen's Insurance Fund

Murray J. and Fred J. Jordan, for plaintiff.
Benjamin Lencher and Ralph H. Behney, for defendant.

REID, J., May 7, 1932.—This is an appeal by plaintiff from the decision of the Workmen's Compensation Board reversing the decision of Referee John R. Keefer, who dismissed a petition of the defendant to terminate a compensation agreement between the plaintiff and defendant.

The plaintiff, while employed in a mine of Wilbur Coal Mining Company, was injured by a fall of rock which fractured his third, fourth and fifth lumbar vertebræ and caused some other injuries. On October 25, 1927, a compensation agreement was entered into providing for payments at $12 per week, which continued until June 25, 1928, when total disability ceased. Thereupon a supplemental agreement was made providing for compensation at $8.21 per week,

which continued in force until August 9, 1929. Then a further supplemental agreement was made, providing for total disability, until September 15, 1929, and after that date at the rate of $8.28 per week—which latter agreement was in full force when the plaintiff was convicted in Somerset County on charges of "breaking and entering" and was sentenced to the penitentiary for from four to eight years, where he has since been confined.

On December 21, 1930, defendant filed a petition to suspend compensation as of that date, alleging that "the claimant no longer is entitled to the payment as provided in the agreement." To this plaintiff filed an answer on January 7, 1931, stating that he has not fully recovered from the injury to his back; must accept low wages on account of inability to do hard work and is "now deprived of the opportunity to support a wife and six children." At the date of making this answer he was confined in the Western Penitentiary.

It is clear that the sole basis of the petition for suspension of the agreement was the fact of the plaintiff's imprisonment.

On February 11, 1931, the referee dismissed the petition to suspend and directed compensation payments to continue. In the opinion accompanying the order the referee states that "it appears they are asking for a suspension . . . in view of the fact that that claimant is now incarcerated in the Western State Penitentiary. . . ." The opinion further states:

"We find from the testimony of defendant's own medical witnesses that the claimant now suffers a permanent partial disability which will probably extend over a period of more than 300 weeks from ten days after the accident . . . and the defendant having offered no testimony whereby it is shown that the status of claimant's disability would entitle the defendant to any reduction . . . its petition should be dismissed."

From the foregoing decision and opinion the defendant appealed to the board, which, on June 11, 1931, in an opinion by Chairman Dale, sustained the appeal, reversing the referee and setting aside the compensation agreement as of December 21, 1930.

The appeal from the above-stated decision of the board, which is now before us, was filed September 8, 1931, having been taken after the statutory ten days had elapsed by virtue of an order of this court permitting it to be done. The defendant has moved to quash the appeal upon the grounds hereafter stated.

The exceptions to the decision of the board are substantially as follows:

1. The board erred in terminating the compensation agreement.

2. The board erred as a matter of law in setting the compensation agreement aside and holding that appellant is no longer in a position to establish a valid difference of earning power under section 306 (b) of the act.

3. The board erred as a matter of law in forfeiting the appellant's established civil rights and by reading into the relationship of the parties, under the agreement between them, conditions not within the agreement.

4. The board erred in not sustaining the decision of the referee.

5. The appellant excepts to the order of the board and avers that there is no competent evidence to sustain its decision.

6. The board erred in reversing the decision of the referee and granting defendant's petition to terminate the agreement, there being no competent evidence to sustain its decision.

### The motion to quash

The reasons are:

1. The appeal was not filed within ten days.

2. The court is without jurisdiction as the accident happened in Somerset County and plaintiff resided there.

3. There was no agreement to confer jurisdiction upon the court of common pleas of this county.

4. The appeal is not in accordance with the provisions of section 427 of the act, its supplements and amendments.

The first and fourth of the reasons stated may be considered together. The second and third will also be thus considered.

There is no dispute about the fact that the appeal was not taken within ten days from the notice of the decision. However, section 427 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, provides, inter alia: "Such appeal must be brought within ten days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal."

On August 7, 1931, plaintiff's petition was presented to this court giving his incarceration in the penitentiary and the failure of his former counsel to act as the grounds of a prayer to be permitted to appeal notwithstanding the expiration of the ten-day period. A rule was thereupon granted upon State Workmen's Insurance Fund, the defendant, to show cause why the plaintiff should not be permitted to take such appeal—of which petition and rule defendant's counsel had notice. On September 1, 1931, the rule came on for argument and thereupon this court made the rule absolute and directed that plaintiff be permitted to appeal within fifteen days. The appeal was filed September 8, 1931.

Defendant's counsel contend that the application for extension of the time for appeal was ineffective because it was not made within the ten-day period. The language of section 427, in our opinion, does not admit of such a limited construction, and no authority is cited to support it. The liberal construction of the section of the act governing appeals is shown by the case of Stankiewicz *v.* Heights Construction and Supply Co. et al., 95 Pa. Superior Ct. 215.

We have been referred to an order of this court quashing the appeal in Black *v.* Valley Camp Coal Co. et al., 4 Dept. Reps. 2514, as presenting a decision which should now control us. The original record is not available, but the report shows that no opinion was filed, the order being "on argument list and rule absolute."

As the Black case was decided under the Act of 1915, section 425 of which contained no provision for an extension of the time for an appeal (now found in section 427 of the Act of 1919), it is clear that the case referred to cannot be given any effect in determining the question now before us.

We are also of opinion that Frazier's Estate, 7 Pa. Superior Ct. 473, Haller's Case, 44 Pa. Superior Ct. 481, Miller's Estate, 159 Pa. 575, and Sherwood's Estate, 206 Pa. 465, cited by defendant's counsel, are not determinative of the present appellant's right to an appeal.

As to the right of the appellant to proceed as he did by petition for an extension of the time, we quote from Skinner, Pennsylvania Workmen's Compensation Law (2d ed.), 493:

"If the appeal cannot be taken within the ten days, or if the time has expired, and there is sufficient ground constituting 'cause' to warrant the court in extending the time or allowing the appeal to be filed *nunc pro tunc*, a petition should be presented to the court, setting forth the facts upon which the court will grant a rule to show cause, and if the 'cause shown' is adequate, will make an order permitting the appeal to be filed."

The case of Angelo v. Keystone State Construction Co., 13 Dept. Reps. 1575, decided by Judge Finletter, is also in point. There the court held, referring to section 427 of the act, as follows:

" 'The Court of Common Pleas may extend the time herein provided for taking the appeal.'

"We think that, to avoid the exclusion of the claimant from the opportunity which he has not had . . . we should extend the claimant's time for taking an appeal to Common Pleas for a period of ten days from this date. The claimant may during that interval take an appeal in the manner provided by the Statute."

In view of the foregoing authorities, the clear provisions of section 427 and the regular order of this court permitting this appeal, we are convinced that it is now properly before us—subject to a consideration of the second and third reasons assigned for the motion to quash.

In considering these last-stated reasons, there is no controversy as to the non-existence of an agreement to give this court jurisdiction. There is none such. However, there was no occasion for any agreement as the case is properly here by reason of the fact that State Workmen's Insurance Fund, the real defendant in the case, at the time the appeal was filed and for years before had and maintained a permanent place of business in the City of Pittsburgh. Section 427 provides for an appeal "to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county. . . ."

The depositions of a representative of State Workmen's Insurance Fund definitely proved that it had such a permanent place of business in Allegheny County when the appeal was taken and has maintained it for the past fifteen years.

That State Workmen's Insurance Fund, and not the Wilbur Coal Mining Company, is the defendant in these proceedings clearly appears from the record. The appeal from the referee's decision was taken by State Workmen's Insurance Fund after it had appeared as defendant (vide referee's transcript) and by its counsel had conducted the hearing there. The caption of the original opinion by Chairman Dale designates "State Workmen's Insurance Fund, defendant, Wilbur Coal Mining Company, employer," and the opening lines of that opinion are as follows: "State Workmen's Insurance Fund, defendant in the case, appeals from the order of the referee dismissing the defendant's petition. . . ." Finally, the motion to quash the appeal avers: "State Workmen's Insurance Fund, defendant in above proceedings," moves to quash the same.

For the reasons heretofore stated, the motion to quash the appeal must be dismissed, as per order hereinafter entered.

### The appeal

The real question involved here is whether a prisoner convicted of felony and sentenced to the penitentiary, where he now is, thereby forfeits his right to receive further payments under a compensation agreement which is based upon the existence of partial disability. The referee, to whom the defendant's petition for suspension of the agreement was referred, definitely states that the suspension was being asked for that reason. In the referee's opinion, he further states that the defendant's own medical witness showed the existence of a permanent partial disability. The petition was dismissed for the reason that no testimony was offered to warrant a reduction in the amount being paid the claimant, and because no authorities were offered to sustain the contention that imprisonment warranted suspension.

The appeal from the referee's decision, while partly based upon the findings above stated as to disability, is really founded on "incarceration in a penal

institution and thereby the claimant is unable to show his present loss of earning power or status of disability." That the latter reason was the only real one fully appears by reference to the opinion of Chairman Dale, sustaining the appeal from the referee's decision, which states that:

". . . defendant in this case appeals from the order of the referee dismissing the defendant's petition to suspend a supplemental agreement filed for the reason that the claimant has been convicted of a felony, is incarcerated in a penal institution, and is no longer in a position to show a valid difference in earning power under section 306 (b). . . ."

The opinion referred to is an able and learned one. We cannot, however, accede to the conclusions reached, which would read into the Compensation Act a condition not found in the text, that the workman should forfeit his right to compensation upon conviction of felony and imprisonment in a penal institution. This idea is clearly presented in the opinion in question and forms the basis of Chairman Dale's ultimate conclusion that by crime and imprisonment the claimant has prevented any means of establishing loss of earning power, and, therefore, has no standing under the act no matter what his physical status may in fact be as the result of the accident.

He was paid $8.28 up to the date of his imprisonment and immediately after that the petition to suspend was presented, not because there had been a physical change but because his imprisonment prevented the application of the ordinary tests by which loss of earning power is determined.

The chairman frankly concedes that there are no authorities which support the views of the board. The English case that has been cited in the brief given us was the decision of a county court and is by no means convincing. It is our judgment that the reasons assigned in the opinion of the chairman of the board referred to are not sufficient to warrant the court's declaring a forfeiture of the plaintiff's civil rights because he has been convicted of crime. There must be definite authority to warrant such a drastic penalty. There being none, and as the proof in the record indicates the existence of a diminution of earning power at the time the plaintiff was imprisoned, the decision of the referee was right and should have been sustained.

But, as against this view, defendant's counsel urge the principle that, the compensation board having had evidence of the physicial condition of the appellant before it, its findings of fact upon the subject must be sustained by the court on appeal. We concede the general correctness of this proposition, but wish to emphasize what we have previously stated, or at least suggested, that the chairman's opinion does not find or adjudicate facts as to the actual physical condition of the appellant further than that he has by his crime and imprisonment prevented himself from establishing his earning power or physical status. The board's decision makes no reference to the definite and undisputed facts found by the referee that "claimant now suffers a permanent partial disability which will probably extend over a period of more than 300 weeks from ten days after the accident." No reference is made to this finding, but the board, merely by inference, overthrows it by adopting the theory that imprisonment debars the appellant from further benefits under the act.

The finding of the referee is, therefore, unattacked and must be given due consideration in determining what the true facts are as to the claimant's physical condition. It is a futile requirement to hold that the burden was placed on the appellant, confined in a prison, to adequately and affirmatively establish his earning power, when, as shown by the record, the defendant's own witness furnished proof that some disability yet existed.

278

Although imprisoned, the claimant yet has a wife and family to maintain, and they are innocent of any wrongdoing.

For the reasons stated, the plaintiff's appeal must be sustained.

### Order

And now, May 7, 1932, it is ordered that defendant's motion to quash the appeal in above-entitled case is hereby overruled and the rule to show cause based thereon is discharged.

It is further ordered that plaintiff's appeal from the order of the compensation board terminating or suspending compensation agreement No. 2,230,558 be and the same is hereby sustained, and the order of said board, dated June 11, 1931, reversed and the said compensation agreement reinstated.

Judgment is, therefore, entered in favor of the plaintiff and against the defendant for the sum of $1092.96, with interest thereon from December 7, 1930.

From William J. Aiken, Pittsburgh, Pa.