## Lowry's Estate

Before Van Dusen, Stearne, Sinkler, Klein, and Bok, JJ.

*Hugh Roberts*, for petitioner.

*Boyd Lee Spahr, Robert W. Archbald, Jr., Edward W. Madeira, Thomas Cahall, Maurice W. Sloan, Richard K. Stevens, C. Wilfred Conard, Ernest Scott, Rodney T. Bonsall, Herbert Simons, J. Howard Rhoads, Howard H. Yocum, Wayne P. Rambo, Cuthbert H. Latta, Jr., Pepper, Bodine, Stokes & Schoch, Walter S. McInnes, Edmonds, Obermayer & Rebmann, Duane, Morris & Heckscher, Saul, Ewing, Remick & Saul*, and *Lawrence C. Hickman*, for respondents.

KLEIN, J., March 5, 1937.—These proceedings are in continuance of petitioner's efforts to set aside the will of Annie L. Lowry, decedent, which was probated in 1908.

An amended petition for citation to show cause why petitioner's appeal should not be sustained and an issue

awarded to the court of common pleas was filed June 19, 1936. A citation was thereupon issued directed to more than a hundred respondents, being persons alleged to be decedent's next of kin, and the legatees named in the will. Preliminary objections in the nature of a demurrer were filed by a large number of respondents.

On November 24, 1936, petitioner filed another petition in which she set forth that she was unable to ascertain the addresses of many of the parties to whom the citation was directed, and, consequently, was unable to make service upon them. This court then awarded "another or second citation" to be served by publication and made returnable December 31, 1936.

Petitioner's counsel thereupon caused the award of the citation to be advertised, although in fact the citation was never issued. The case was then placed upon the argument list and counsel argued the questions raised by the preliminary objections on January 18, 1937.

The jurisdiction of the orphans' court is conferred entirely by statute. Section 17 of the Orphans' Court Act of June 7, 1917, P. L. 363, outlines the order of proceedings to obtain the appearance of persons amenable to the jurisdiction of the court and the procedure in default of appearance. Paragraph (g) of this section designates specifically the procedure to be followed in cases where the persons cited have no known residence and cannot be found. Failure to comply strictly with the provisions of this section is a fatal defect in petitioner's procedure. The advertising prior to the issuance of the citation is nugatory. Consequently, the parties named in the decree entered November 24th, upon whom service of the original citation was not made, are not properly before this court and are not parties to this record. With the record in this state, the court is without authority to consider the questions raised.

On appeal from the register of wills, the orphans' court has no jurisdiction to determine finally the validity of a will against such of the heirs or other persons in interest

as are not parties to the proceedings. If persons who should be joined are omitted it becomes the duty of the court to have them brought before it by citation. If this is not done, independent proceedings to set aside the will may subsequently be instituted by the persons omitted: Miller's Estate, 159 Pa. 562 (1894); Miller's Estate (No. 2), 159 Pa. 575 (1894); Miller's Estate, 166 Pa. 97 (1895).

Since all the parties in interest were not made party to the record, the argument on petition and preliminary objections was prematurely heard.

The record is therefore returned to the clerk's office and the court will defer consideration of the merits of the objections until petitioner takes the necessary steps to have all parties in interest properly made party to this record in accordance with statutory requirements.

Van Dusen, J., did not participate in the deliberations of this case or in the decision of the court.