## Brumbaugh *v.* State Workmen's Insurance Fund et al., Appellants.

Argued October 28, 1940.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*S. H. Torchia,* with him *Ralph H. Behney, Sol R.
Gitman* and *Claude T. Reno,* Attorney General, **for ap-
pellant.**

*J. Colvin Wright,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1940:

We have before us the question whether notice to
a claimant in a workmen's compensation case was
given, as required by law, of an appeal to the Court
of Common Pleas of Bedford County by the State
Workmen's Insurance Fund from an award in claim-
ant's favor. At the time the appeal was heard neither
the claimant nor her attorney appeared before the
court and thereafter on August 28, 1939, the appeal
was sustained on the ground that the claimant was
not injured in the course of her employment, or in
furthering the interest of her employer.

The claimant filed a petition on November 2, 1939,
averring that she had not been served with a notice

of the appeal taken and asked that it be stricken off, and that the award be reinstated. An answer was filed thereto by the State Workmen's Insurance Fund, which set forth that the notice of the appeal and a copy of the exceptions to the award had been served on Clarence A. Patterson, Esq., of Pittsburgh, who appeared on the record as claimant's counsel and that he had acknowledged receipt thereof.

Section 427 of the Act of June 26, 1919, P. L. 642, §6, as amended by the Act of June 4, 1937, P. L. 1552, §1, 77 PS 874, provides: "The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence."

The learned court below concluded that the claimant never received notice of the appeal as Mr. Patterson, who had been employed by the board to aid claimants who were financially unable to procure counsel, had not been retained by her and she had had no communications with him. It appears that during the pendency of this case Mr. Patterson ceased to be an attorney for the board. The court below in its opinion stated: "Mr. Patterson explains that it is possible that this appeal was taken during the period of transition from one administration to the other and became lost in the shuffle."

Here, as in *Stankiewicz v. Heights C. & S. Company, et al.*, 95 Pa. Superior Ct. 215, it is clear that an injustice was done to this claimant by failing to serve her with notice of the appeal so that she might have

an opportunity to be heard in the court below. On the other hand it is unfair to penalize the insurer by quashing its appeal without giving it further opportunity to be heard, as it had given notice of the appeal to counsel of record. In the present circumstances the learned court below should have granted a re-argument of the appeal, and given both sides a chance to properly present their respective contentions, and then a decision could have been rendered in accordance with the facts and the law applicable thereto.

We sustain the assignment of error and direct the record to be remitted to the court below for further consideration and disposition in the light of this opinion.

Order reversed. Record remitted.