## S. LOWENSTEIN v. NORTH SCHUYLKILL INS. CO.

APPEAL BY JACOB WEST FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 18, 1890—Quashed at Bar.

An appeal to the Supreme Court taken on September 9, 1889, specifying error in decrees in equity entered January 19, and February 9, 1885; in an order entered on March 28, 1887, discharging a rule to show cause why said decrees should not be rescinded; and in an order entered on September 2, 1889, refusing to reinstate said rule so discharged,—the paper-books, moreover, failing to present the testimony submitted in the court below,—quashed on motion of the appellee.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.
No. 24 January Term 1890, Sup. Ct.; court below, No. 2 January Term 1885, C. P. in Equity.

On December 1, 1884, in proceedings by bill in equity by Solomon Lowenstein, a creditor, against the North Schuylkill Mutual Fire Insurance Company, a receiver was appointed, who on January 19, 1885, upon petition filed, was authorized to levy an assessment upon the amount of the insurance of all the policy holders liable to assessment, according to the rate of insurance in each policy, etc. On February 9, 1885, upon a

second petition filed, the court entered an order modifying the terms of the former order in certain particulars.

On May 17, 1886, Jacob West, a policy holder, presented a petition setting forth the recovery of a judgment before a justice of the peace by the receiver of the company for the amount of an assessment against him, the suit therefor being the first notice he had received that authority had been given to the receiver to levy assessments; and, showing that he had entered an appeal from said judgment, prayed for the said reasons and others set out at length that the orders of January 19, and February 9, 1885, be rescinded. Rule granted accordingly.

A large amount of testimony was taken by the parties, and, after hearing, the court, BECHTEL, J., on March 28, 1887, discharged the rule and refused to disturb said decrees.

On March 20, 1888, as was stated in the appellant's History of the Case, the suit of the receiver against Jacob West came on for trial in the Court of Common Pleas, and upon the evidence submitted a verdict was rendered for the defendant; but, on the hearing of a rule for a new trial the verdict was set aside and a new trial directed, the court stating verbally, as was alleged, that the ground of the order was the conclusiveness of the orders or decrees of January 19, and February 9, 1885.

Thereupon on December 3, 1888, Jacob West presented in the equity cause a second petition, praying upon the grounds therein set forth that the court reinstate the rule issued upon his petition presented on May 17, 1886, to grant him a rehearing of the matter, and to revoke said former decrees and vacate said assessments. The prayer of this petition was refused by the court on September 2, 1889; whereupon the petitioner on September 9, 1889, took this appeal, assigning, inter alia, the orders authorizing the levying of the assessments of date January 19, and February 9, 1885, the order of March 28, 1887, discharging the rule granted, and the order of September 2, 1889, refusing to reinstate said rule, etc., for error.

On February 18, 1890, when the case was called for argument, the appellee filed a motion to quash the appeal and certiorari for the following reasons:

1. The orders and decrees of the court below, levying an assessment on the members of said company, having been made

Opinion of the Court.

and entered January 19, 1885, and February 9, 1885, it was too late to appeal from said decrees on September 9, 1889, the date when this appeal was taken.

2. An appeal does not lie from the refusal of the court below to vacate or revoke said orders and decrees authorizing the levying of an assessment on the members of said company.

3. An appeal will not lie to the refusal of the court below to reinstate said West's rule to show cause why the orders of January 19, 1885, and February 9, 1885, should not be revoked and vacated.

4. An appeal will not lie to the refusal of the court below to grant said Jacob West a rehearing on said rules.

5. One hundred and eighty-seven pages of type-written testimony, taken on the rules to vacate or revoke, etc., have been entirely omitted from the paper-book of appellant, besides various petitions, answers and other material records.

*Mr. Geo. J. Wadlinger* (with him *Mr. John A. Nash*), for the appellant.

Counsel cited: (1) § 3, act of April 21, 1846, P. L. 433; § 59, act of March 29, 1832, P. L. 213. (2, 3, 4) Keim's App., 27 Pa. 42; Kepner's App., 94 Pa. 74; Mortimer's App., 9 W. N. 313; Kendig's App., 82 Pa. 68; Breden v. Gilliland, 67 Pa. 34; Bunce v. Wightman, 29 Pa. 335; McKee v. Sanford, 25 Pa. 104; White v. Leeds, 51 Pa. 189; Kalbach v. Fisher, 1 R. 323; Kellogg v. Krauser, 14 S. & R. 144; Skidmore v. Bradford, 4 Pa. 296; Nice v. Bowman, 6 W. 26; Gamble v. Woods, 53 Pa. 160. (5) Solts's App., 4 W. N. 298; D'Arros's App., 89 Pa. 51.

*Mr. James Ryon* and *Mr. A. W. Schalck,* contra.

Counsel cited: Morrison v. Mullin, 34 Pa. 18; Mackey v. Coates, 70 Pa. 350; Rittispaugh v. Lewis, 103 Pa. 4; Gravenstine's App., 49 Pa. 310.

PER CURIAM:
On the argument at Bar,

Appeal, etc., quashed.