In re Assigned Estate of William Frazier. Appeal of John Yeany.

*Appeals—Limitation of time for taking appeal—Supersedeas—Rehearing—Assignee's sale.*

Where a motion for a rehearing on a decree distributing the proceeds of a sale of an assignee for the benefit of creditors is refused and there has been no stay of proceedings pending the motion, the statute is not tolled, and an appeal taken more than six months after the date of the original decree will be quashed.

Argued Oct. 26, 1898. Appeal, No. 194, Oct. T., 1898, by John Yeany, from judgment of the Superior Court, April T., 1898, No. 169, quashing appeal from order of C. P. Clarion Co., Nov. T., 1893, No. 292, distributing fund raised by an·assignee's sale of the assigned estate of William Frazier. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

188    415
23 SC  357

188    415
38SC   568

Appeal from Superior Court.

For the purposes of this report the facts sufficiently appear in Frazier's Estate, 7 Pa. Superior Ct. 473.

*Error assigned* was the judgment of the Superior Court.

*J. T. Maffett,* for appellant.—In this case objections should have been made when notice of the appeal was given, or at least when paper-book was served, and the appellant warned of an intention to move to quash before other steps were taken to prepare the case for trial: Del. & Hudson Canal Co. v. Loftus, 71 Pa. 421; Wilson v. Kelly, 81 Pa. 411; Wetter v. Kiley, 95 Pa. 461.

The Act of May 19, 1897, P. L. 67, should receive a liberal construction so that parties may have a hearing and their rights not forfeited: Shelly v. Dampman, 174 Pa. 495; In re Melon Street, 182 Pa. 397; DuBois's App., 184 Pa. 339.

*Harry R. Wilson* and *Cadmus Z. Gordon,* for appellee.

*B. J. Reed* and *F. J. Maffett,* for Robert McCloskey, were permitted to file a brief.

PER CURIAM, November 7, 1898:

The judgment in this case is affirmed on the opinion of the Superior Court.