## Sherwood's Estate.

206   435
227   ³156

*Orphans' Court—Orphans' Court practice.*

Where an account filed in the Orphans' Court contains an item of distribution, and a person interested in the estate appends to the account a formal statement under seal that he has examined the account and prayed the court to confirm it absolutely as stated, such a person is estopped from subsequently taking an appeal on the ground of an error in the item of distribution in the account.

*Orphans' Court—Orphans' Court practice—Bill of review—Appeal.*

The statutory period for appeal from a decree of the Orphans' Court cannot be enlarged by a bill of review to correct an error of law which might have been the subject of appeal from the decree on the original account.

*Decedent's estates—Distribution—Absent heir.*

The rights of a son, as an heir of his mother, cannot be disregarded in the distribution of her estate, notwithstanding he has been absent and unheard of for more than twenty-nine years.

Argued Feb. 9, 1903. Appeal, No. 176, Jan. T., 1902, by Robert H. Sherwood, from decree of O. C. Bucks County, dismissing bill of review in estate of Isabella H. Sherwood, deceased. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for bill of review.

YERKES, P. J., filed an opinion in which he stated the facts to be as follows :

The register of wills granted letters of administration upon the estate of Isabella H. Sherwood to Hon. B. F. Gilkeson in March, 1900. The following February Mr. Gilkeson filed his account and schedule of distribution. The heirs of Isabella H. Sherwood, if all living, are Henry F. Sherwood, Robert H. Sherwood and Catherine S. Jones.

On August 27, 1900, pursuant to proceedings taken before the register and continued in the Orphans' Court under the Act of June 24, 1885, P. L. 155, the court, having adjudged that the legal presumption of the death of Henry F. Sherwood, a son and heir of the decedent, was established, entered a decree directing the register of wills to issue letters of administration unto Benjamin F. Gilkeson upon the renunciation and request of Robert H. Sherwood and Catherine S. Jones, his only heirs, if he be dead.

The account of Mr. Gilkeson as administrator of the estate of Isabella H. Sherwood was approved by Robert H. Sherwood and Catherine S. Jones at the time of filing thereof, and contained a schedule of distribution annexed. It was approved by the court and confirmed finally April 26, 1901. Thereupon the administrator petitioned the court for a formal decree of distribution, in accordance with the schedule annexed to the account, which was duly entered and signed. By that distribution the one third or share of Henry F. Sherwood in the personal estate was awarded to Benjamin F. Gilkeson, as administrator, under his appointment by the proceedings pursuant to the act of 1885.

The petitioner has taken this rule to open the decree of distribution to Mr. Gilkeson as administrator of Henry F. Sherwood, averring that the sum distributed to Mr. Gilkeson should, in law, have been distributed between petitioner and his sister upon the presumption that Henry F. Sherwood, having been absent and unheard from for twenty-nine years, is in fact dead and therefore incapable of inheriting any part of his mother's estate. The administrator answers that the distribution was lawful, and assented to by the petitioner and his sister, that he has paid out a portion of the estate of Isabella H. Sherwood pursuant to said decree, to wit: the shares of the petitioner and his sister, and as administrator of Henry F. Sherwood has taken over and administered the share in the personal estate awarded to him, and has filed his account charging himself with the amount of the personal estate received from the estate of Isabella H. Sherwood, under the decree of this court, which account has become confirmed. That he has paid out the sum of $361.90 expenses of settling the estate, and claimed credit in said account for collateral inheritance tax amounting to $465.43, and has now in his hands without deducting the collateral inheritance tax, the sum of $9,308.77, or deducting said tax, the sum of $8,853.34, which sum he is prepared to pay out according to law, upon direction of the court, the same being upon deposit in the Bucks County Trust Company at two per cent interest.

He further answers that the sum of $1,496.78, proceeds of the real estate of Isabella H. Sherwood, and distributed to Henry F. Sherwood, if alive, if dead to his heirs or legal representatives, remains in his hands and has been separately deposited. It has not been distributed to, or accounted for by him as administrator of Henry F. Sherwood, but he suggests that, as administrator of Henry F. Sherwood, he is entitled to receive and distribute the said sum unless proof is made of the death of the said Henry F. Sherwood or security given. While as to this fund the respondent craves the instruction of the court, the application is not properly a part of this contention and should be made separately. The petitioner has obtained a rule to show cause why the account shall not be opened, as to' the amount distributed to the administrator of Henry F. Sherwood, but has taken no steps as to the share of the real estate

distributed to his heirs or legal representatives. Therefore, so much of the answer is not responsive to the petition or rule.

At this time there must be shown some ground for granting a bill of review in this estate, other than a supposed hardship, which may affect the petitioners, growing out of the necessity of preserving the estate of Henry F. Sherwood or his heirs should they or some of them appear ; for, although he is presumed dead, that presumption may be overcome or the right of the petitioner to this fund concluded at any moment by proof that he is living or that he left heirs living. He or they may appear and demand the estate.

The court entered a decree refusing the review.

*Error assigned* was the decree of the court.

*Henry Lear*, for appellant.

*B. F. Gilkeson* and *Richard C. Dale*, with them *Howard I. James*, for appellee.

PER CURIAM, July 9, 1903 :

The account which is appealed from contained an explicit item of distribution to the administrator of the estate of Henry F. Sherwood, which is now claimed to be error. To this account the appellant, together with the only other distributee except Henry Sherwood's administrator, appended a formal statement under seal that he had examined the account and prayed the court to confirm it absolutely as stated. It thus appears that he was instrumental in inducing the court to make the very decree of which he now complains. He has estopped himself from being heard to do so.

But irrespective of this point, the appeal is too late. The objection made is to the original decree, and no reasons are assigned for a review that were not available and should have been presented at the original hearing. It is not competent for a party to enlarge or renew the statutory period for appeal by a petition for a bill of review upon such grounds. While it may be conceded that the Orphans' Court might have entertained such a bill for the correction of a manifest error of fact, it is not clear that it could do so for an error of law which

might have been the subject of appeal, and certainly no case has been brought to our attention which holds that it must do so.

We have considered the Act of June 24, 1885, P. L. 155, in the case of Cunnius v. Reading School District, ante, p. 469, but the act has no bearing on the present case. Even if it were held unconstitutional under the fourteenth amendment to the constitution of the United States, the result would be that notwithstanding his absence Henry Sherwood's rights as an heir could not be disregarded in the distribution of his mother's estate.

Decree affirmed at the costs of appellant.