# Groff *v.* City Saving Fund and Trust Company of Lancaster.

*Appeals—Final decree—Six months' time limit.*

1. A decree overruling exceptions to an auditor's report and confirming the same absolutely is a final decree, from which an appeal, if taken, must be taken within six months, and such time is not extended by exceptions filed to the decree, and subsequently quashed by the court.

*Equity—Equity practice—Appointment of auditors—Equity rules.*

2. Under equity rules 93 and 94, a court of equity may, if it chooses, appoint an auditor to distribute the moneys of an insolvent corporation among various creditors, after the insolvency of the company is established, and a receiver has been appointed.

Argued Nov. 12, 1908. Appeal, No. 38, Oct. T., 1908, by L. E. Ryder, from decree of C. P. Lancaster Co., Equity Docket, No. 4, p. 183, dismissing exceptions to auditor's report in case of Annie H. Groff *v.* City Saving Fund and Trust Company of Lancaster. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Motion to quash appeal.

*W. U. Hensel* and *W. H. Keller*, of *Coyle & Keller*, with them *John E. Malone*, for appellees and for motion to quash.

*B. F. Davis* and *T. B. Holahan*, for appellant, contra motion to quash.

PER CURIAM, February 26, 1909:

1. In view of the recent decision in Jones v. Lincoln Savings & Trust Co., 222 Pa. 325, it is needless to discuss the question of the jurisdiction of the court below, to appoint a receiver of the defendant corporation upon the bill filed by Annie H. Groff, even if the appellant be in position to raise the question.

2. The court below was right in its interpretation of our decree in Groff v. City Saving Fund & Trust Co., 32 Pa. Superior Ct. 416, quashing this appellant's appeal from a former

decree distributing another fund, and remitting the cause to the court below "to be further proceeded with according to law and the rules of equity practice." Equity rules 60 to 68, which regulate the trial of equity cases at issue upon answer, do not control a proceeding to distribute the moneys of an insolvent corporation among numerous and conflicting claims, after the insolvency of the company has been established, and a receiver has been appointed in a suit in equity to collect and preserve its assets. We agree with the appellee's counsel and the learned judge below, that the appointment of auditors in this instance was justified by equity rules 93 and 94, and the settled practice of the courts of the state. It also would have been proper for the court to hear the claimants and make distribution of the fund without the aid of auditors. But the court was not bound to proceed in that mode, and an imperative direction so to proceed was not implied in our former decree. The direction to proceed according to the rules of equity practice was a direction to proceed according to the rules of equity practice applicable to the particular matter under consideration, and was complied with in this instance by the court.

3. It follows that the decree overruling the exceptions to the auditors' report and confirming the same absolutely was not a decree nisi, such as is contemplated in equity rule 63, but a final decree, from which the appellant could have appealed at once without filing exceptions thereto. He nevertheless was required by rule 92, to file with his notice of appeal a brief statement of the errors he alleged to have been made by the decree appealed from, and we assume that this was done. But this was not to be acted on by the court below; the statutory period within which he was required to take his appeal began to run on the day the decree was entered. He could not extend the time for review by filing, in addition to his brief statement of errors, exceptions to the decree, alleging errors in overruling his former exception to the auditors' report, and then appealing from the order quashing the exceptions filed after the final decree was entered: Keim's Appeal, 27 Pa. 42; Frazier's Estate, 7 Pa. Superior Ct. 473; s. c., 188 Pa. 415; Barlott v. Forney, 187 Pa. 301.

As the appeal was not taken until more than six months had elapsed after the final decree confirming absolutely the auditors' report was entered, the motion to quash must prevail: Act of May 19, 1897, sec. 4, P. L. 67.

The appeal is quashed at the costs of the appellant.