# Bailey's Estate.

*Practice, O. C.—Bill of review—When matter of right or grace —Discretion of court—Correction of record—Acts of October 13, 1840, P. L. (1841) 1, and June 7, 1917, P. L. 447—Appellate court decree not reviewable.*

1. A bill of review is an independent proceeding to examine the decree on a bill, adjudication or account, and, if possible, to alter or reverse it.

2. The orphans' court is, within its jurisdiction, a court of equity, and as such, it has the inherent power to correct its records in the interest of justice, and may allow a bill of review for that purpose.

3. A review will be granted by the orphans' court only in accordance with the general principles governing bills of review in ordinary equity practice.

4. A review is a matter of right where the bill is founded on errors of law appearing on the face of the record, or where new matter has arisen since the confirmation of the decree, or where justice and equity require, and no one will be injured thereby.

5. The court will not go into the evidence at large to establish or support an objection based on a supposed error or mistake made by the court in the deduction therefrom; nor will it retry a case.

6. A bill of review will not be considered where the issues were raised, contested and decided, nor will it operate as an exception or an appeal.

7. The statutory period for appeal cannot be enlarged by a bill of review to correct an error of law which might have been sub-

ject to appeal from the original decree; nor can the proofs be looked into as they can on appeal.

8. A review based on proof discovered since the decree or adjudication is not a matter of right, but rests in the sound discretion of the court.

9. Such discretion is to be exercised cautiously and sparingly and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause.

10. The new evidence relied on should be such as would cause the court to enter a judgment other than already entered; it must appear that the evidence was not available, and that it could not have been discovered before the judgment by the exercise of reasonable diligence.

11. Where the Supreme Court has passed finally on the matters contained in a given litigation, a bill of review will not lie in the court below for any errors of law appearing in the judgment or decree.

12. In this case the court refused to allow a bill of review on alleged after-discovered evidence set forth in the petition.

*Powers of appointment—Time of exercise.*

13. Where a power of appointment is to be exercised at the death of the donee—that is to say, by will—the appointees within the designated class may be changed at any time before death; the last will making a valid exercise of the power supersedes any prior attempt to exercise it.

Argued September 26, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 95-8, March T., 1927, by Alice Bailey Garland et al., from decree of O. C. Allegheny Co., June T., 1926, No. 651, dismissing petition for bill of review, in estate of Henry J. Bailey, deceased. Affirmed.

Petition for bill of review. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Alice Bailey Garland et al., petitioners, appealed.

*Error assigned,* inter alia, was decree, quoting bill of exceptions.

*William A. Griffith,* of *Griffith & Balter,* for appellants.—The court may correct its records in the interest of justice, even to protect parties from their own mistakes and blunders, and where no rights have changed in consequence of the decree; this power of correction will be liberally exercised: Mitcheson's Est., 11 W. N. C. 240; Nimick's Est., 179 Pa. 591; Ehrhart's Est., 31 Pa. Superior Ct. 120; Sloan's Est., 254 Pa. 346.

*A. Leo Weil,* of *Weil, Christy & Weil,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 28, 1927:

Appellants seek, by this bill, to review the judgments of the court below and of this court twice entered: See 276 Pa. 147, and 287 Pa. 478.

A bill of review is an independent proceeding to examine the decree in a bill, adjudication or account, and, if possible, to alter or reverse it. The orphans' court is, within its jurisdiction, a court of equity: Mallory's Est., 285 Pa. 186. As such, it has the inherent power to correct its records in the interest of justice (Bender's Est., 278 Pa. 199; Troutman's Est., 270 Pa. 310), and may allow a bill of review for that purpose: Sloan's Est., 254 Pa. 346, 350. "The power is inherent in the orphans' court to correct an erroneous decree......The court may correct its records in the interest of justice, even to protect the parties from their own mistakes and blunders, and where no rights have changed in consequence of the decree; this power of correction will be liberally exercised": Chappell's Est., 264 Pa. 486, 487, 488. In addition to this inherent power, the legislature, in 1840, expressly provided for bills of review to correct errors in an account: Act of October 13, 1840, P. L. (1841) 1, section 1. This section was reënacted by the Fiduciaries Act, which is more sweeping in its terms, (Willing's Est., 288 Pa. 337) and includes errors in an adjudication or an auditor's report as well as in an account: Act of June 7, 1917, P. L. 447, section 48. In both

acts, the language used is imperative,—"the orphans' court *shall* grant,"—but it is well settled that a review will be granted by the orphans' court only in accordance with the general principles governing bills of review in ordinary equity practice. A review is a matter of right where the bill is founded on errors of law appearing on the face of the record, or where new matter has arisen since the confirmation of the decree (Bailey's Est., 208 Pa. 594, 598, and authorities there cited), or where justice and equity require, and no one will be injured thereby: Willing's Est., supra. The court will not go into the evidence at large to establish or support an objection based upon a supposed error or mistake made by the court in its deduction therefrom: Priestley's App., 127 Pa. 420, 432. See also Whiting v. The Bank of the United States, 13 Peters 6. The court will not retry the case, but will correct palpable mistakes in an account or adjudication: Troutman's Est., supra. A bill of review will not be considered where the issues were raised, contested and decided, nor will it operate as an exception or an appeal. The statutory period for appeal cannot be enlarged by a bill of review to correct an error of law which might have been the subject of appeal from the decree of the original account: Sherwood's Est., 206 Pa. 465; Troutman's Est., supra. The proofs cannot be looked into as they can on appeal: Putnam v. Day, 22 Wall. 60, 64, 65.

A review based on proof discovered since the decree or adjudication is not a matter of right, but rests in the sound discretion of the court. This discretion is to be exercised cautiously and sparingly and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause: Priestley's App., supra. See also 10 R. C. L. 574. The new evidence relied on should be such as would cause the court to enter a judgment other than that already entered. It must appear that the evidence was not available and that it

could not have been discovered before the judgment by the exercise of reasonable diligence.

In the case now before us, there are no errors of law on the face of the record to be reviewed, nor is there any matter which has arisen since the decrees that would warrant the court in changing the decrees already entered; nor did the court below abuse its discretion in refusing a review on the after-discovered evidence set forth in the petition. The contention, that an earlier will of 1904 exhausted the power of appointment, or was an exercise of it in harmony with the donor's intent sufficient of itself to set aside the attempted exercise in the later will of the donee under which the entire administration of this estate has taken place, avails nothing. The first proposition is not correct in principle, and the second involves a reconsideration of what has been twice decided by this court. The power of appointment was to be exercised at the death of the donee, by her last will, and could not be exercised before (see 21 R. C. L. 781), the appointment speaking from that time. Before death, the donee could change the appointees at will as long as they were within the designated class. The last will, making a valid exercise of the power, supersedes any prior attempt to exercise it.

Assuming that this evidence could now be considered, it would not change the decree already entered. Moreover, it appears that this proof was known to the parties while the litigation was in progress, as was nearly all of the evidence on which it is claimed the case should now be retried. The court below has carefully considered all of these matters and we agree with the conclusions reached.

We will not review at length the petition setting forth the supposed errors of law. These have been passed on and are now a closed book. But appellants were not entitled to have a review for another reason. Every issue here pressed has been before the court below in some form, and there decided; from these decisions, appeals

have been taken and the issues have been decided by this court. Where the Supreme Court has passed finally on the matters contained in a given litigation, a bill of review will not lie in the court below for any errors of law appearing in the judgment or decree: Dennison v. Goehring, 6 Pa. 402. In that case we said: "Thus, the only question presented for determination is, whether a bill of review for errors on the face of the record can be entertained in an inferior tribunal, after final decree of this court on appeal, affirming the decree appealed from." Numerous decisions against the practice were cited, and the court held, "These decisions are consonant with reason; and the rule they establish is absolutely necessary to prevent the confusion and mischiefs which would flow from practically transposing the relative position of our courts,—superior and inferior." See Edmonds v. Chandler, 257 Pa. 144, 147, 148; Felty v. Calhoon, 147 Pa. 27; George's App., 12 Pa. 260.

The decree of the court below is affirmed at cost of appellant.