# Henry's Estate.

*Appeals—Final or interlocutory decree—Orphans' court—Claim against decedent's estate—Acts of May 19, 1897, P. L. 67, and March 12, 1925, P. L. 32.*

1. Where a decree of the orphans' court directs payments in accordance with a schedule of distribution, and the schedule does not include a certain claim made against the estate, the decree as against the claimant is a final decree, and he must take his appeal within the statutory period of three months provided by the Acts of May 19, 1897, P. L. 67, and March 12, 1925, P. L. 32.

2. In such case it is immaterial that the decree as to other matters was amended, inasmuch as subsequent proceedings could not extend the time for the claimant's appeal.

Argued September 26, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 109, March T., 1927, by Jacob H. Goehring, from decree of O. C. Allegheny Co., June T., 1926, No. 353, on exceptions to distribution in estate of David F. Henry, deceased. Appeal quashed.

Exceptions to adjudication. Before MITCHELL, J.
Exceptions dismissed. Jacob H. Goehring appealed.

*Error assigned* was decree, quoting it.

*A. M. Neeper,* for appellant.

*Reed, Smith, Shaw & McClay,* for appellee.

PER CURIAM, September 28, 1927:
At the audit of the account of the executors of David F. Henry, deceased (appellees), Jacob H. Goehring (appellant), presented a claim for $52,500, as commission on the sale of certain property belonging to the decedent's estate. This claim was rejected by the court

below in a decree filed July 20, 1926, to which appellant excepted on July 29th. These exceptions, together with those taken by other parties, were argued before the court in banc, and, on November 5, 1926, the following decree was entered, PER CURIAM: "It is ordered, adjudged and decreed [that] the exceptions be sustained in part and the decree of distribution made on July 20, 1926, be and the same is hereby vacated and set aside ......It is further ordered and decreed that the funds in the hands of the accountants, to wit, $1,634,941.13, be now paid in accordance with the schedule of distribution hereto attached and made part hereof."

The schedule of distribution did not provide for the payment of appellant's claim, and, no exceptions being filed within the time allowed for an appeal, distribution was made in accordance with the decree of the court below.

On January 31, 1927, three days before the time expired within which an appeal from the order of November 5th could be taken, the following order was made by the court below: "The decree in the above entitled proceedings of November 5, 1926, is amended as follows: It is ordered, adjudged and decreed that the exceptions of the Union Trust Company, administrator of the estate of Henry E. Lineaweaver, deceased, are sustained in part, and all other exceptions are dismissed. The schedule of distribution of the funds in the hands of the accountant and all other matters as ordered by the said decree of November 5, 1926, are affirmed."

On April 28, 1927, this appeal was taken. Appellees have moved to quash the appeal on the ground that it was not taken within three calendar months from the decree of November 5, 1926. Appellant contends that he could not have taken an appeal from that decree; that no final judgment upon his claim was entered until January 31, 1926, and that he appealed three days before the expiration of three calendar months from the last mentioned date.

Section 4 of the Act of May 19, 1897, P. L. 67, as amended by the Act of March 12, 1925, P. L. 32, provides that an appeal must be taken within three calendar months from the entry of the decree appealed from. The decree of November 5th disposed of appellant's claim and in effect dismissed all exceptions other than those expressly sustained; that is the decree which should have been appealed from and subsequent proceedings in the court below could not extend the time for appeal: Barlott v. Forney, 187 Pa. 301, 303; Groff v. City Saving Fund and Trust Co., 38 Pa. Superior Ct. 567; Frazier's Est., 7 Pa. Superior Ct. 473, affirmed 188 Pa. 415. See also Opening of Parkway, 267 Pa. 219, 226.

This appeal came too late and therefore the motion to quash must be granted.

The appeal is quashed.