Meadville Telephone Company *v.* Shafer, Appellant.

Argued April 9, 1928. 

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Lewis M. Shafer,* for appellant.

*Paul E. Thomas,* and with him *Frank J. Thomas,* of *Thomas & Thomas,* for appellee.

PER CURIAM, July 12, 1928:

The plaintiff filed a bill in equity praying for an injunction to restrain the defendant from interfering with its lines, poles and wires, to which bill the defendant filed an answer. After a hearing the court granted a preliminary injunction and, following further proceedings, the court, on September 14, 1925, entered a final decree perpetually enjoining the defendant.

The defendant, here the appellant, on May 3, 1926, presented to the court below his petition to open the decree, whereupon the court granted a rule on the plaintiff to show cause why the decree should not be opened, which rule was, upon petition of the defendant, on September 16, 1926, amended so as to include a rule to show cause why the defendant should not be permitted to file exceptions nunc pro tunc. This rule was discharged by the court below on February 14, 1927. The defendant, on March 7, 1927, moved the court to strike off the final decree, which motion was on the same day overruled. There the matter rested until September 6, 1927, when the court, upon petition of the defendant, granted a rule to show cause why the defendant should not be permitted to file exceptions, nunc pro tunc, to the findings of fact and conclusions of law filed by the court below, prior to the entry of the final decree of September 14, 1925, which rule the court subsequently discharged. The defendant then, on January 7, 1928, took this appeal. The appellee moves to quash the appeal upon the ground that it was not taken within the time limited by the statute. The final decree was entered on September 14, 1925, and even if we were free to review the refusal of the motion to strike it off, on March 7, 1927, which question we are not called upon to consider, the appeal was not taken within the period limited by the statute. The defendant could not, by moving to open the decree, or obtaining a rule to show cause

why he should not be permitted to file exceptions, nunc pro tunc, prolong the period within which he must appeal: Armour Leather Co. v. Alexander, 276 Pa. 515; Bache & Co. v. Locke, 86 Pa. Superior Ct. 501.

The appeal is quashed.