Real Estate & Mortgage Company, Appellant, *v.*
Duquesne Light Company.

Argued April 23, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*Stewart P. McConnel,* for appellant.

*D. O. Nelson,* of *Nelson & Nelson,* for appellee.

OPINION BY LINN, J., July 10, 1930:

Plaintiff appeals from judgment on a verdict for land taken by defendant for a transmission line. By a number of assignments, it complains that a new trial was refused; we find no abuse of discretion: Dravo Co. v. Rees, 291 Pa. 387, 394. Other assignments complain that witnesses who testified to damages were not qualified; we think the court below ruled correctly: Barron's Use v. United Rwy. Co., 93 Pa. Superior Ct. 555, 559. Appellant also contends that the charge contains "clearly a misstatement of the testimony as to a material matter." Without considering whether that comment is supported, we note that it is not assigned for error, and that the attention of the court was not called to it at the conclusion of the charge, as contemplated by the Act of May 24, 1923, P. L. 439, if it was to be made the basis of effective exception: Sautter v. Rowland, 285 Pa. 212, 217.

Appellant also contends that the verdict was inadequate. One of plaintiff's witnesses put the damages at $1,500, another at $7,000. Defendant's witnesses differed radically; two of them testified that there was no damage; one fixed the amount at $200 and another at $300. The jury awarded $800, which the learned trial judge approved; we find no reason for differing from his conclusion. All the assignments are overruled. Though we have considered the case on the merits, appellee presents a motion that we must grant. On March 27, 1929, a new trial was refused and on April 26, 1929, judgment for plaintiff was entered on the verdict. On July 24, 1929, within two days of the expiration of the time for appeal, an appeal to this court was taken by plaintiff and a certiorari issued. Meanwhile, on June 6, 1929, plaintiff had filed a peti-

tion in the court below for re-argument of the motion for a new trial, alleging that plaintiff had just learned that two of the witnesses who testified for defendant had sworn falsely, and desiring leave to take depositions to prove these allegations; a rule to show cause was granted; defendant answered; depositions were taken; argument was heard, and the rule was discharged September 20, 1929. In the course of his opinion supporting that action, the learned trial judge called attention to the fact that the petition did not ask that the judgment entered on the verdict be opened, but stated that the rule had been discharged on the merits. Thereafter on September 21, 1929, appellant filed in the court below the certiorari from this court taken out, July 24, 1929, thus perfecting the appeal: Sec. 2, Act of May 19, 1897, P. L. 67; Donley v. Semans, 260 Pa. 88, 91.

Appellee has filed a motion to quash the appeal on the ground that it was not taken and perfected within three calendar months from judgment or a reasonable time thereafter. The petition for re-argument of the motion for a new trial did not extend the time for taking the appeal from the judgment already entered: Barlott v. Forney, 187 Pa. 301, 303; Henry's Estate, 290 Pa. 537, 539. As the judgment was entered April 26, 1929, the three calendar months allowed for taking the appeal expired July 26th; the appeal was not perfected until nearly two months later. In Donley v. Semans, supra, it was said that the act providing for appeals "does contemplate, and the interest of justice and the rights of litigants will be best served by holding, that this should be done with reasonable promptness and diligence." In this case we think an unreasonable time was permitted to elapse between taking the appeal and the date at which the certiorari was filed below. We must therefore grant appellee's motion.

Appeal quashed.