## Estate of Rachel C. Finley Core.

Argued April 19, 1934.

Before TREXLER, P. J., KELLER, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*A. E. Jones* of *Jones, Whitehill & Lane,* and with him *Sterling, Field & Martin,* for appellant.

*E. C. Higbee,* and with him *Charles L. Lewellyn* of *Higbee, Matthews & Lewellyn,* for appellee.

PER CURIAM, July 13, 1934:

The appellant was a creditor of the Estate of Rachel C. Finley Core. There was an account filed, an audit had, and after some protracted litigation, the court on August 28, 1933, entered a decree directing "the accountant to pay the balance in his hands as hereinabove stated unless exceptions are filed within ten days or appeal taken according to law."

On September 11, 1933, Hibbs, the appellant, filed exceptions. The court's attention having been directed to the fact that the decree was final in its nature and therefore not properly the subject for exceptions, on September 23, 1933, made the following decree: "First: That that portion of our decree of August 28, 1933, reading as follows: 'The court further directs the accountant to pay the balance in his hands as hereinabove stated unless exceptions are filed within ten days or appeal be taken according to law,' be amended to read as follows: 'The adjudication is confirmed absolutely.'

Second: The motion of counsel for Georgianna McCormick to strike off the exceptions filed, is granted. Third: To avoid any injustice to the claimants we will hear arguments on their claims at 10 o'clock A. M. September 29, 1933."

This settled the matter, but on November 2, 1933, the court made the following order: "Now, November 2, 1933, after argument and briefs submitted, the exceptions filed September 11, 1933, by S. E. Hibbs [et al] are dismissed and the adjudication confirmed absolutely."

The appeal was taken January 31, 1934. The only way it can be sustained is to regard the order of November 2, 1933, as rightly made, for the time had elapsed when appeals could be taken from the preceding orders; Act of 1897, May 19, P. L. 67, Section 4, and amendments, 12 PS 1136, page 236. It was incumbent on the litigants as well as the court to keep informed as to the progress of the suit. The decree of August 28, 1933, was in effect a final adjudication. The words, "unless exceptions be filed in 10 days," etc., should not have been employed and were surplusage.

If, however, we pass this, on September 23, 1933, the court again put the seal of finality on the matter by striking off the exceptions filed, and confirming the

account absolutely. The action of the court in stating, "To avoid any injustice to the claimants, we will hear argument on their claims at 10 A. M., September 29, 1933," amounted to nothing, for the exceptions being dismissed, there was nothing left to argue about. The order of the court of November 2, 1933, dismissing the exceptions filed September 11, 1933, by S. E. Hibbs and confirming the adjudication absolutely was merely a repetition of what had been done.

No appeal to this court was taken until January 31, 1934, more than three months after August 28, 1933, when the first decree was entered and more than that period after the decree of September 11th. This was too late. The decree of November 2, 1933, was futile. It was not within the power of the court to extend the time for taking an appeal. It cannot destroy the effect of a previous order and suspend its effect by advising the litigants that it will hear arguments upon a matter which it has already finally decided. It has been ruled in a number of cases that proceedings subsequent to a final judgment do not extend the statutory period for taking an appeal.

A decree over-ruling the exceptions to the auditor's report and confirming the same absolutely is a final decree upon which the appeal must be taken within the statutory period and such time is not extended by exceptions filed to the decree and subsequently quashed by the court. Groff v. City Saving Fund & Trust Company of Lancaster, 38 Pa. Superior Ct. 567. To the same effect is Henry's Estate, 290 Pa. 537, 139 A. 198.

A motion for re-argument does not extend the time. Real Estate & Mortgage Co. v. Duquesne Light Co., 99 Pa. Superior Ct. 222. See also, Wise v. Cambridge Springs Boro, 262 Pa. 139, 104 A. 863. A number of other cases to the same effect are noted in 12 P. S. Section 1136, page 234.

The appeal is quashed at appellant's costs.