## Fudge v. Scholl et al. No. 2

*William R. Toal,* for plaintiff; *Reilly & Pearce,* for defendant Scholl.

MACDADE, J., December 10, 1934.—A few days since, the record papers herein were placed upon our desk in chambers for the purpose of considering a petition for reargument. An examination of these papers discloses the fact that, on June 25, 1934, we entered an order directing the prothonotary, inter alia, to enter judgment upon the verdict in favor of the plaintiff, Helen G. Fudge, and against William J. Scholl, the verdict of the jury after trial on May 18, 1934, being in favor of the said plaintiff, as claimant, for goods as listed in the levy; it also awarded the plaintiff $75 as an attorney fee.

Therefore, final judgment was entered eo die and during the June term of our court, there being four terms, viz., March, June, September, and December each year, for periods of 3 months each, approximately.

What avails it this defendant now, even if the prayer of his petition be granted and a rule for reargument issue, if our power to reopen the judgment has passed inasmuch as the judgment is adverse. Certainly no fraud is alleged. The rule is desired practically upon the same grounds as motivated the defendant to ask for a new trial, which we denied in an opinion filed in which we discussed all the reasons herein raised [22 D. & C. 42].

No appeal or writ of certiorari has been taken to either of our appellate courts within the period of 3 months from June 25, 1934.

The act of assembly controlling this case on this point (Act of May 11, 1927, P. L. 972, sec. 1) is found in 12 PS §1136, and is as follows:

"No appeal shall be allowed in any case from an order, judgment, or decree of any court of common pleas or orphans' court, unless taken within three calendar months from the entry of the order, judgment, or decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless taken and perfected, and bail entered in the manner herein prescribed within three weeks from such entry."

See Commonwealth v. Deibert, 106 Pa. Superior Ct. 497. This defendant has no further redress and is concluded by his failure to appeal within the statutory period. The matter is unappealable and res adjudicata.

It is hornbook law that a court of competent jurisdiction, having once rendered a final judgment in an issue before it, cannot change that final judgment after the term in which said judgment was rendered has passed. Therefore, this court cannot, in any way, extend the time for appeal and could not, in any way, open the judgment now that the term in which said judgment was rendered has passed.

See Core's Estate, 113 Pa. Superior Ct. 388, wherein it is held as follows (p. 390):

"It cannot destroy the effect of a previous order and suspend its effect by advising the litigants that it will hear arguments upon a matter which it has already finally decided."

In the case at bar, the court did not in any way advise the defendant that he would have a right of reargument, yet that is the ground upon which the said defendant appeals to us for redress at this time.

The Superior Court, in the case above cited, also states the following:

"It has been ruled in a number of cases that proceedings subsequent to a final judgment do not extend the statutory period for taking an appeal."

In any event, a motion for reargument does not extend the time for taking an appeal: Real Estate & Mortgage Co. v. Duquesne Light Co., 99 Pa. Superior Ct. 222; Wise v. Cambridge Springs Borough, 262 Pa. 139. See also 12 PS §1136, p. 234.

## Order

And now, to wit, December 10, 1934, the above matter of a petition for reargument coming on to be heard by the court en banc, after due consideration thereof, the court doth order and decree that:

1. Prayers of petition be and are hereby denied; and
2. Rule for reargument refused sec. reg. et sec. leg.