Opinion by
 

 Keller, P. J.,
 

 Thomas Bobbitt, Sr., a resident of Erie, Pa., died on June 16, 1936. On June 30, 1936, a paper, dated the -- day of February, 1936, alleged to be the will of Thomas Bobbitt, Sr., was presented to the register of wills and proved and letters testamentary were issued to B. T. Foley, the executor named.
 

 On July 31, 1936, Thomas Bobbitt, Jr., a son of the decedent, appealed from the decision of the register of
 
 *388
 
 wills admitting to probate the said paper, as the last will and testament of said decedent, and granting letters testamentary thereon, and entered security in the sum of $500. He also presented a petition, to the orphans’ court asking for a citation to determine (1) whether at the time of the execution of said writing the decedent was of sound mind; (2) whether the said writing was procured by undue influence, duress, constraint and/or forgery practiced upon the decedent by his daughter, Mattie Bobbitt, and others; (3) whether said writing is the will of said decedent; which citation was issued as prayed for on August 4, 1936.
 

 Following this, hearings were had in court, and on March 27, 1937 the orphans’ court entered the following order or decree: “Now, to wit, March 27, 1937, the appeal is sustained and the probate of the will is set aside. J. Orin Waite, President Judge.” This was a definitive, final, and appealable decree,
 
 (Schwilke’s App.,
 
 100 Pa. 628;
 
 Henry’s Est.,
 
 290 Pa. 537, 139 A. 198), and on April 1, 1937 the court sealed an exception for the proponents of the will. This sealing of an exception by the judge was, prior to the Act of May 11, 1911, P. L. 279, sec. 6, p. 281, the formal step necessary for a review of the decision on appeal; and, notwithstanding the provision in said act declaring that it is no longer necessary, it is still frequently granted. It is not an exception filed by the litigant, but is allowed by the judge as a short substitute for an “exception ...... written out, signed and sealed by the court” for use in the “bill of exceptions” which was formerly necessary for review on appeal.
 

 By the Act of May 11, 1927, P. L. 972, the appeal had to be taken within three calendar months from the entry of the decree.
 

 On April 12, 1937, Mattie Bobbitt, the present appellant, filed a petition asking for a rehearing, and the same day the court granted a rule to show cause, re
 
 *389
 
 turnable April 26, 1937, but made no order staying the proceedings, pending the consideration of the rule. Unless such an order is made,
 
 (Frazier’s Est.,
 
 7 Pa. Superior Ct. 473, affirmed 18S Pa. 415, 41 A. 528), the rule for rehearing does not stay the running of the time within which the appeal must be taken:
 
 Barlott v. Forney,
 
 187 Pa. 301, 303, 41 A. 47;
 
 Henry’s Est.,
 
 290 Pa. 537, 539, 139 A. 198;
 
 Real Estate & Mtge. Co. v. Duquesne Light Co.,
 
 99 Pa. Superior Ct. 222, 224;
 
 Groff v. City S. F. & T. Co.,
 
 38 Pa. Superior Ct. 567, 568.
 

 No formal disposition of the rule was made, but testimony was taken before the court on June 21, 1937.
 

 On July 27, 1937 the attorneys for the proponent— the present appellant — filed a paper specifying grounds for exception to the order of the court of April 1, 1937, as follows:
 

 “1. Exception is taken to the order of the court: ‘Now, to wit: March 27, 1937, the appeal is sustained and the probate of the will is set aside,’ said order being contrary to the evidence and not prayed for in the pleadings.
 

 “2. Exception is taken to the finding of the court that the will of Thomas Bobbitt, Sr. was improperly executed.
 

 “3. Exception is taken to the finding of the court that there was no authorization to affix the signature of Thomas Bobbitt, Sr., to said will.”
 

 This was done without special allowance by the court or notice to the appellee. If it was done for the purpose of complying with section 24 of rule 25' of the Orphans’ Court of Erie County
 
 [1]
 
 , it was too late, for unless
 
 specific
 
 exceptions are filed to the decree of the
 
 *390
 
 court within ten days after the same is entered, the decree automatically becomes final. These
 
 specific
 
 exceptions were not filed until three months and twenty-six days after the decree was entered, and in the meantime the three months within which an appeal had to be taken from the decree had expired, and the court below was without power, then, to extend it:
 
 Wise v. Cambridge Springs Boro,
 
 262 Pa. 139, 104 A. 863.
 

 The situation was not changed by the fact that the court below, in its opinion filed September 9, 1937, treated the proceeding pending before it as if it were on exceptions duly filed to the order of March 27, 1937, instead of a rule for a rehearing, and dismissed the exceptions and made the order of March 27, 1937 absolute :
 
 Estate of Rachel Core,
 
 113 Pa. Superior Ct. 388, 174 A. 9. The order of September 9, 1937 “was merely a repetition of what had been done,”
 
 (Core’s Est.,
 
 supra, p. 390), and did not afford the appellant a second opportunity for appeal:
 
 Mayer v. Brimmer,
 
 15 Pa. Superior, Ct. 451, 454;
 
 Core’s Est.,
 
 supra., The appeal was taken December 7, 1937, and certiorari filed, December 8, 1937. The appellee’s motion to quash must prevail.
 

 We feel less than usual hesitancy in quashing the appeal, because our review of the case on the merits leads us to agree with the court below. See
 
 Kelly’s Est.,
 
 306 Pa. 551, 160 A. 454;
 
 Hunter’s Est.,
 
 328 Pa. 484, 196 A. 35;
 
 James’ Est.,
 
 329 Pa. 273, 275, 198 A. 4. In the last named case the Supreme Court affirmed the decree of the Orphans’ Court of Philadelphia County, cited by appellant, reported in 30 D. & C. 81, 82.
 

 The appeal is quashed.
 

 [1]
 

 “Specific exceptions may be filed to any decree with the clerk, and copy thereof with the court within ten (10) days after the same is entered; and in default thereof, the decree shall become final.”