## Rumsey's Case.

Argued April 13, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*Clarence T. Bryan,* with him *J. Perry Eckels,* for appellants.

*Fred C. Kiebort,* of *Thomas & Kiebort,* for appellee.

Opinion by Hirt, J., June 27, 1939:

This is a proceeding in the orphans' court brought by the grandparents of a minor, seeking exclusive custody of the child. Before us in limine, is the motion of Albert L. Thomas, appellee, to quash the appeal.

On July 13, 1938, the court, after hearing, made the following order: "We therefore order and direct that the minor child, George A. Rumsey, remain in the custody of Albert L. Thomas. We also direct that petitioners and other members of their family and relatives shall have the privilege at all proper times to visit and be visited by the said minor child. The petition for award of exclusive care and custody is dismissed at the cost of petitioners." On July 26, 1938, appellants moved for a reargument, which was granted, and on January 24, 1939, the court filed a second opinion, concluding with this order: "Wherefore, petitioners' motion for reargument (after reargument had on the merits) is dismissed and our former order is reaffirmed." The appeal was taken after this second order and was not perfected until February 13, 1939.

The order of July 13, 1938, is the definitive and final order. This appeal was not perfected until more than three months from that order, and for that reason came too late. It is not within the power of the court to extend the time for taking an appeal (*Est. Rachel C. Finley Core,* 113 Pa. Superior Ct. 388, 174 A. 9) and a motion for reargument does not extend the time (*Real Est. & Mtge. Co. v. Duquesne L. Co.,* 99 Pa. Superior Ct. 222) nor does a pending petition for a rehearing: *Haller's case,* 44 Pa. Superior Ct. 481. The proceeding on reargument in this case was not in the nature of a bill of review, asserting either errors of law or new matter which arose after the original order (*Bailey's Est.* 291 Pa. 421, 140 A. 145) and since there was no order staying proceedings pending reargument, the statute was not tolled: *Frazier's Assigned Est.,* 188 Pa. 415, 41 A. 528; *Bobbitt's Est.,* 131 Pa. Superior Ct. 386, 200 A. 279. For these reasons the appeal must be quashed.

We are loath, however, to rest the disposition of a case of this nature upon that technical ground without some reference to the merits. The child, George A.

Rumsey, is over ten years of age. His mother, a widow, married Albert L. Thomas on December 4, 1935, but died the following July. The son, after the marriage and mother's death, has lived with his stepfather and has been maintained by him without reimbursement for maintenance. The house in which they live was formerly the property of the mother, but is now owned by the child and by Mr. Thomas as tenants in common. It is well adapted in every respect and is the only home the child has known in Meadville. A sympathetic relationship exists between the child and the housekeeper employed by Mr. Thomas; she has been in the household for years and intends to remain. She is a woman of intelligence and has the best interests of the child at heart. The health of the child has improved since 1935, and a sane and reasonable routine has been enforced. The child attends a nearby school regularly, as well as a Sunday School. Mr. Thomas is of high standing in his community, both professionally and otherwise. He has not remarried and is sincerely attached to the child and may be expected to continue to be solicitous for his welfare. The guardian appointed by the court, requests a continuance of the present arrangement.

Petitioners also are in position to provide a proper home for the child. Their living quarters on the second floor of a dwelling house owned by them, though not as desirable as the house where the minor now resides, are nevertheless adequate. The ages of petitioners are 72 and 68 respectively; there are no younger persons in the household. The grandmother cares for the home and her health is only fairly good. The relationship between the grandparents and the child is most cordial, and a proper attitude has been encouraged by appellee. The distance between the two houses is not great and the child visits his grandparents frequently.

If the minor were destitute the law would cast upon the grandparents the duty of his maintenance and the

correlative right to custody would follow the duty to maintain: *Com. ex rel. Stevens v. Shannon,* 107 Pa. Superior Ct. 557, 164 A. 352. But the child is being maintained without charge upon his estate and the grandparents are not seeking custody because of any duty imposed upon them by law. This clearly appears from the fact that they will expect to receive one hundred dollars monthly out of the child's estate, for his maintenance.

The general rule in determining all disputes of this nature is that the best interests and permanent welfare of the child must control. "The guiding star for the court in coming to a conclusion in a case of this character, is the welfare of the child. To this the rights of parents and all other considerations are subordinate. *Commonwealth ex rel., v. Daven,* 298 Pa. 416; *Commonwealth ex rel., v. Faxstein,* 84 Pa. Superior Ct. 243; *Commonwealth ex rel., v. Hoffman,* 91 Pa. Superior Ct. 213; 46 Corpus Juris, 1235 Section 15 (2)." *Com. ex rel. Stevens v. Shannon,* supra. A consideration of the testimony in that light establishes the propriety of the order awarding the custody of the child to appellee. The balance of advantage is clearly with that disposition of the case. To remove the child from a home, with all of its advantages, in which he has lived for years, and from the wholesome environment to which he has made a complete adjustment, could not be done in the interests of the child.

Appeal quashed at appellants' costs.