## Seem's Estate.

Argued January 29, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edward J. Fox, Jr.,* of *Fox & Barber,* for appellant.

*J. Willard Paff,* of *Smith & Paff,* for appellees.

OPINION BY MR. JUSTICE PARKER, March 24, 1941:

The Orphans' Court of Northampton County, on petition of the appellant, issued a citation on June 13, 1938, directed to appellees to show cause why certain mortgages should not be confirmed pursuant to the provisions of the Revised Price Act (Act of June 7, 1917, P. L. 388, 20 PS Sec. 1561 et seq.). After answer and hearing, the court, on July 10, 1939, denied the petition. On July 14 and again on August 7, 1939, that court entered orders extending the time for filing a petition for reargument. The petition was filed and served on August 30, 1939, and, on April 1, 1940, a rule was granted on appellees to show cause why a reargument should not be had. To this an answer was filed April 12, 1940. On June 3, 1940, that court entered an order discharging the rule to show cause why a reargument should not be had. The petitioner has appealed, assigning as error the order of June 3, 1940.

The appeal must be quashed. Refusal of an application for a reargument in the court below is not reviewable on appeal: *McCready v. Gans,* 242 Pa. 364, 371, 89 A. 459, and cases there cited; 2 Amer. Juris., Appeal and Error, Sec. 102. It will be noted that the application was for a reargument to correct errors of law and was not for the correction of a manifest error of fact *(Sherwood's Estate,* 206 Pa. 465, 468, 56 A. 20; *Bailey's Estate,* 291 Pa. 421, 423, 140 A. 145).

The order of July 10, 1939, was a final disposition of the cause from which an appeal would have lain if taken seasonably, but the motion for a reargument, at least

in the absence of a stay of proceedings *(Chester School District v. Richardson & Luce,* 320 Pa. 438, 182 A. 500), did not stop the running of the statutory period allowed for appeal: *Frazier's Estate,* 188 Pa. 415, 41 A. 528; *Rumsey's Case,* 135 Pa. Superior Ct. 515, 7 A. 2d 43. It is not within the power of the court to extend the time for taking an appeal *(Estate Rachel C. Finley Core,* 113 Pa. Superior Ct. 388, 174 A. 9), and a motion for reargument does not extend the time *(Real Estate & Mtg. Co. v. Duquesne L. Co.,* 99 Pa. Superior Ct. 222); neither does a pending petition for a rehearing *(Haller's Case,* 44 Pa. Superior Ct. 481). The proceeding for reargument was not in the nature of a bill of review and, since there was no order staying proceedings, the statute was not tolled.

The appeal is quashed at the costs of the appellant.