## Hanna Estate.

Argued March 28, 1951. Before DREW, C. J., STERN, JONES, BELL, LADNER and CHIDSEY JJ.

*Wray G. Zelt, Jr.,* with him *Alexander McIlvaine* and *McIlvaine & McIlvaine,* for appellant.

*Ralph W. Peacock,* with him *Thomas L. Anderson* and *H. D. Hamilton,* for appellee.

OPINION PER CURIAM, May 21, 1951:

This appeal must be quashed.

Testatrix, Jo G. Hanna, died August 11, 1948, leaving a will dated May 22, 1948, which was admitted to probate. An appeal was taken to the orphans' court on the ground that the alleged will was a forgery. Elaborate testimony was taken and on June 20, 1950 the court, in a well considered and exhaustive opinion, concluded that a verdict of a jury sustaining appellant's position would be against the weight of the evidence and would therefore have to be set aside; under such circumstances it was the duty of the court to deny an issue d.v.n. and accordingly the appeal from the probate was dismissed. Under the rules of the Orphans' Court of Washington County this nisi order would automatically become absolute unless exceptions were taken thereto within ten days, that is to say, on or before June 30. No such exceptions were filed until July 7, on which date appellant obtained an order of the court granting leave to file exceptions nunc pro tunc as of June 20; in the order, however, the court overruled the exceptions and dismissed them as of that same date, viz., June 20. On July 10 the proponents of the will moved the court to vacate and strike from the record the order of July 7; a rule to show cause was allowed, but without a stay of proceedings, and on September 29 the motion was dismissed. On October 20 the present appeal to this Court was taken from the decree of June 20 dismissing the appeal from the probate of the will.

When, on July 7, the exceptions to the nisi decree were allowed to be filed nunc pro tunc but simultane-

ously overruled and dismissed as of June 20, the time in which to appeal began to run forthwith and expired on September 20. The present appeal therefore was taken too late. Appellant's contention that no right of appeal existed until proponents' motion of July 10 was dismissed on September 29 is without merit. After the decree of the lower court became absolute by dismissal of the exceptions the subsequent proceedings taken by proponents did not extend appellant's time in which to appeal.

There is a veritable multitude of cases holding, in general, that proceedings subsequent to a final judgment or decree do not toll the running of the statutory time within which an appeal must be taken. Thus it has been held that an appeal from a decree in equity or of the orphans' court must be taken within the statutory period from the date of the decree and not from a refusal of the court to open it: *Lowenstein v. North Schuylkill Insurance Co.*, 132 Pa. 410, 20 A. 688; *Miller's Estate, Miller's Appeal (2)*, 159 Pa. 575, 28 A. 443; *J. S. Bache & Co. v. Locke*, 86 Pa. Superior Ct. 501; *Meadville Telephone Co. v. Shafer*, 94 Pa. Superior Ct. 246. Refusal to amend a decree, or a subsequent amendment of it as to matters not involved in the appeal, will not extend the time for appeal: *Armour Leather Co. v. Alexander*, 276 Pa. 515, 120 A. 672; *Henry's Estate*, 290 Pa. 537, 139 A. 198. The statutory period for appeal from a decree of the orphans' court cannot be enlarged by a bill of review to correct an error of law therein: *Sherwood's Estate*, 206 Pa. 465, 56 A. 20; *Bailey's Estate*, 291 Pa. 421, 140 A. 145; *Slagle's Estate*, 335 Pa. 552, 7 A. 2d 353. A rule for a rehearing does not stop the running of the time, at least in the absence of a stay of proceedings: *Barlott v. Forney*, 187 Pa. 301, 41 A. 47; *Seem's Estate*, 341 Pa. 198, 19 A. 2d 60; *Baily Petition*, 365 Pa. 613, 76 A. 2d 645; *Frazier's Estate*, 7 Pa. Superior Ct. 473 (aff. 188 Pa. 415, 41 A. 528); *Haller's Case*,

44 Pa. Superior Ct. 481; *Real Estate & Mortgage Co. v. Duquesne Light Co.,* 99 Pa. Superior Ct. 222; *Estate of Rachel C. Finley Core,* 113 Pa. Superior Ct. 388, 174 A. 9; *Bobbitt's Estate,* 131 Pa. Superior Ct. 386, 200 A. 279; *Rumsey's Case,* 135 Pa. Superior Ct. 515, 7 A. 2d 43. The filing of exceptions to an appealable order or decree does not prolong the time: *Thomas v. McLean,* 365 Pa. 526, 76 A. 2d 413; *Groff v. City Saving Fund & Trust Co.,* 38 Pa. Superior Ct. 567; *Commonwealth v. Emerson C. Custis Co.,* 139 Pa. Superior Ct. 22, 10 A. 2d 850. Where the court permitted exceptions to be filed nunc pro tunc the time for appeal ran from the date such exceptions were dismissed, (which in the present case was as of June 20, 1950): *Hinnershitz v. United Traction Co.,* 206 Pa. 91, 55 A. 841.

We quash the present appeal with less reluctance because, after a careful examination of the testimony, we are of opinion that the court below properly denied the granting of an issue d.v.n. and dismissed the appeal from the probate of the will. On the merits, therefore, we would, in any event, have affirmed the decree.

Appeal quashed.