## Card Appeal.

Argued November 11, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*C. Henry Nicholson,* for appellant.

*Harold S. Hampson,* for appellee.

OPINION BY WRIGHT, J., January 14, 1955:

Louise V. Card has appealed from an order of the Court below finding her to be an incompetent and appointing a guardian for her estate. Now eighty-three years of age, Mrs. Card was a resident of Pennsylvania until the latter part of May, 1952. She was then taken from Warren, Pennsylvania, to Cleveland, Ohio, by one of her two daughters, Mrs. Cressed Volleau. A short time after arriving in Cleveland, she fell and broke her hip. Since her release from the hospital, she has been confined to a wheel chair. She is still with her daughter in Cleveland, and is cared for by a practical nurse. At the time Mrs. Card was taken

to Cleveland, she owned a dwelling in Warren, and had funds on deposit, as well as a safety deposit box, in the Warren National Bank. On September 28, 1953, upon petition, joined in by Mrs. Card and Mrs. Volleau, alleging that Mrs. Card was an incompetent person by reason of physical disability and therefore incapable of taking proper care of herself and her property, the Probate Court of Cuyahoga County, Ohio, appointed a Cleveland attorney guardian of her person and estate. The petition set forth that Mrs. Card's estate consisted of cash and stocks of the probable value of $20,000.00 and real estate of the probable value of $10,-000.00. On November 20, 1953, upon a petition presented by Mrs. Card stating that she was then fully capable of taking proper care of herself and her property, the Ohio guardianship was terminated.

The present proceeding was begun by a petition filed by Mrs. Louise V. Murray, Mrs. Card's other daughter, in Warren County, Pennsylvania, on September 9, 1953. Mrs. Card was given notice by registered mail, filed an answer on November 7, 1953, and in effect entered a general appearance. Hearings were held on December 7 and 10, 1953. Mrs. Card was not present in person, but was represented by counsel, and witnesses were called in her behalf. On December 18, 1953, the Court (WADE, P.J.) found Mrs. Card to be an incompetent and appointed the Warren National Bank as guardian of her estate. The last sentence of the Court's order was: "The Court further orders that the question of the incompetency of Louise V. Card be brought before this Court for further consideration within a period of six months from this date and be supported by competent medical testimony". On January 28, 1954, a "motion for reargument" was filed on behalf of Mrs. Card, upon which the Court (FLICK, P.J.) granted a rule to show cause why reargument

should not be allowed on the question of the legality of the quoted sentence. On February 25, 1954, the rule was made absolute, the quoted sentence "revoked and eliminated", and the principal portion of the original order affirmed. An appeal was not taken until May 25, 1954.

The question involved on this appeal, as stated by appellant, may be thus summarized: (1) Mrs. Card's domicile is now Ohio, not Pennsylvania, and the Court below therefore erred in "appointing a guardian of the property of a non-resident"; (2) the Court below did not have the power "to make a temporary or provisional order requiring a review of the case within six months"; (3) certain evidence was improperly admitted, and the remaining evidence was not sufficient to warrant the finding that Mrs. Card was incompetent at the time of hearing. Since we have concluded that the appeal must be dismissed because it was not taken within three calendar months from the entry of the original order,[1] extended discussion becomes unnecessary.

Appellant's first contention is not important in view of the fact that the Court of Common Pleas has authority to appoint a guardian, not only for the estate of a person domiciled in the Commonwealth, but also for the estate of a person not so domiciled but having property in the Commonwealth.[2] Appellant's second contention is moot in view of the order of February 25, 1954. In connection with appellant's third contention it must be borne in mind that "the very

---

[1] See the Act of May 19, 1897, P. L. 67, section 4, as amended, 12 PS 1136. The motion for reargument did not extend the time for appeal: *Rumsey's Case*, 135 Pa. Superior Ct. 515, 7 A. 2d 43; *Seem's Estate*, 341 Pa. 198, 19 A. 2d 60.

[2] Incompetents' Estates Act of June 28, 1951, P. L. 612, section 301, 50 PS §1681.

purpose of the Act is preventative and protective in nature": *Sigel Estate,* 169 Pa. Superior Ct. 425, 82 A. 2d 309. If Mrs. Card is presently competent, she may secure an adjudication to that effect.[3] In the meantime, in view of the unfortunate contest between daughters for control of the estate of their aged and ailing mother, it is not amiss that the mother's assets are in the hands of a competent corporate fiduciary.

Appeal dismissed.

---

[3] Incompetents' Estates Act, section 323, 50 PS §1743.